526 P.2d 1234

STATE of Arizona ex rel. Moise BERGER,
Maricopa County Attorney,
Petitioner,

v.

SUPERIOR COURT of the State of Arizona,
IN AND FOR the COUNTY OF MARI-
COPA, the Honorable Charles D. ROUSH,
Honorable C. Kimball Rose, John Freeman,
Real Party in Interest, Respondents.

No. 11604.

Supreme Court of Arizona,
In Banc.

Oct. 3, 1974.

Rehearing Denied Nov. 13, 1974.

Moise Berger, Maricopa County Atty., by J. P. Shaw, Deputy County Atty., Phoenix, for petitioner.

Ross P. Lee, Maricopa County Public Defender by John Foreman, Deputy Public Defender, Phoenix, for respondents.

CAMERON, Vice Chief Justice.

This is a petition for special action in the nature of a writ of certiorari to review the actions of the Superior Court of Maricopa County in dismissing a criminal complaint for lack of speedy trial and also for dismissing an indictment for lack of speedy trial.

We must consider only one question and that is, did the trial judge, while the defendant was still an adjudicated incompetent, have the jurisdiction to dismiss pending criminal charges against him because of lack of speedy trial?

The facts necessary for a determination of this matter on appeal are as follows. On 4 September 1971 a complaint was filed in the East Phoenix Justice Court charging the defendant with seven counts of murder. Preliminary hearing was commenced on 12 October 1971, however, it was continued pending an action in this court concerning the question of public trial. See Phoenix Newspapers, Inc. v. Jennings, 107 Ariz. 557, 490 P.2d 563 (1971).

Before the preliminary hearing could be restarted, the Justice of the Peace filed a petition in the Superior Court for determination of counsel. The motion was made because both the Public Defender's Office and private counsel were claiming that they represented defendant. Defendant moved in the Superior Court to dismiss counsel and to be allowed to proceed in propria persona. After determining that the Public Defender's Office would represent the defendant, the court then, on its own motion, ordered the appointment of three medical experts for a mental examination pursuant to § 13–1621 A.R.S. After the reports of the medical experts were filed and hearing held, the court found

that the defendant was, because of mental illness:

1. "Not able to intelligently and competently waive right to counsel."
2. "Unable * * * to assist in his own defense."

The court further ordered:

" * * * that this case shall not be dismissed but remain as an open and inactive case for a period of indefinite time for the purpose of proceeding to trial, if in the event the said defendant should by subsequent Court hearing be restored to competency."

The preliminary hearing was never completed.

There was no further activity in this case until March of 1974 when the Arizona State Hospital submitted a letter to the court stating that the defendant was competent to stand trial. A hearing was set before The Honorable Charles D. Roush, Judge of the Superior Court, for 28 March 1974 to determine defendant's competency to stand trial. Before the hearing was held, however, a motion on behalf of the defendant was filed to dismiss because of the denial of speedy trial. The restoration of competency hearing was deferred pending the hearing on the speedy trial motion and on 18 April 1974 Judge Roush ruled that "defendant's right to speedy trial [has been] clearly violated." Judge Roush then ordered granting the State the right to refile and the (still) pending charges in the Justice Court dismissed. The State then refiled new charges by way of grand jury indictment.

The defendant again filed his motion to dismiss. On 7 June 1974 The Honorable C. Kimball Rose, Judge of the Superior Court, dismissed the charges with prejudice based upon the prior finding by Judge Roush that the defendant had been, in fact, denied his right to speedy trial.

After the second dismissal with prejudice, a hearing was held on 13 June 1974 before The Honorable Laurens Henderson, Judge of the Superior Court and the men-

tal health judge, and the defendant was civilly committed. The county attorney brought a petition for writ of special action to this court appealing from the decisions of both Judges Roush and Rose.

■ Before addressing ourselves to the correctness of the decisions of Judges Roush and Rose, it should be noted that both the 1973 Rules of Criminal Procedure, Rule 11.2, as well as the law as it existed prior to the 1973 Rules of Criminal Procedure, State v. Pima County Superior Court, 103 Ariz. 369, 442 P.2d 113 (1968), contemplated that before defendant's mental condition is examined either an information will have been filed or an indictment returned. In other words, there should be a finding of probable cause either by the Justice of the Peace or by a grand jury which would justify the court holding the defendant for trial before the defendant's mental examination under the criminal rules could be made.

■ Notwithstanding these provisions, however, in the instant case the Justice of the Peace, a committing magistrate, having sought relief in the Superior Court to determine who was in fact representing the defendant, it was not improper for the trial court because of defendant's conduct before that court to order on the court's motion a competency hearing. This competency hearing having been held and the defendant having been committed, the proceedings in the Justice Court were stayed until such time as the defendant was returned to competency.

It should also be noted that while defendant was being detained in the state hospital, the United States Supreme Court announced its decision in Jackson v. Indiana, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed. 2d 435 (1972) which cast doubt on the constitutionality of our criminal commitment statute. To meet this problem we stated:

"This court has recently enacted Rules of Criminal Procedure which cover the methods to be followed in all criminal matters commencing after 1 September 1973. Because of the doubt cast upon these statutes, § 13–1621 and § 13–1621.-01 A.R.S., by this decision and prior decisions of this court, (citations omitted), and there being no present rule for the court to follow in cases commenced prior to 1 September 1973, we believe that there will be less confusion if we apply Rule 11 (Incompetency and Mental Examinations) and Rule 25 (Procedure After Verdict or Finding of Not Guilty by Reason of Insanity) of the Rules of Criminal Procedure 1973, to all criminal matters pending after the issuance of the mandate in this case even though commenced prior to 1 September 1973.

"As to the release of defendant so committed, civil release provisions of § 36–516 A.R.S. shall apply." State v. Clemons, 110 Ariz. 79, 515 P.2d 324, 329 (1974).

Thus, at the time of the defendant's hearing for release from the Arizona State Hospital, new commitment and release provisions applied, rather than the criminal commitment and release provisions applicable when defendant was first sent to the Arizona State Hospital.

Judge Rose in his decision dismissing the indictment stated:

"The Superior Court of Arizona is one Court, and the individual Judges thereof do not have appellate jurisdiction one over the other. The Court considers this cause, CR 81137, and cause C 256124 as essentially one and the same. As was clearly recognized in this Court's Order of April 18, 1974, (C 256124), one Judge should not 'reverse' the Order of a prior Judge or chaos would result and the strength of the law would fail.

"As was decided by this Court on April 18, 1974, the Defendant's 'right to speedy trial was clearly violated.' The Supreme Court of the United States, recognizing that 'it means that a defendant who may be guilty of a serious crime will go free without having been tried,' has in this situation mandated 'the only possible remedy,' even though it be an 'unsatis-

factorily severe remedy.' *Barker* and *Strunk*, supra."

The United States Supreme Court in Strunk v. United States, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973) stated:

" * * * It is true that *Barker* described dismissal of an indictment for denial of a speedy trial as an 'unsatisfactorily severe remedy.' Indeed, in practice, 'it means that a defendant who may be guilty of a serious crime will go free, without having been tried.' 407 U.S. [514] at 522, 92 S.Ct. [2182] at 2188, 33 L.Ed.2d 101. But such severe remedies are not unique in the application of constitutional standards. In light of the policies which underlie the right to a speedy trial, dismissal must remain, as *Barker* noted, 'the only possible remedy.' *Ibid.*

"Given the unchallenged determination that petitioner was denied a speedy trial, the judgment of conviction must be set aside; the case is therefore remanded to the Court of Appeals to direct the District Court to set aside the judgment, vacate the sentence, and dismiss the indictment." 93 S.Ct. at 2263, 37 L.Ed.2d at 61–62.

■ Judge Roush's decision had not been appealed or otherwise questioned by the prosecution when Judge Rose was asked to dismiss the indictment. We therefore hold that the actions of Judge Rose in dismissing the case based upon the prior determination of denial of speedy trial by Judge Roush was correct. Strunk v. United States, supra.

In this special action we are now asked to consider the action of Judge Roush in dismissing the matter because of denial of the defendant's speedy trial right. The prosecution asked this despite the fact that the prosecutor took no action, either by appeal or special action, after Judge Roush's order of dismissal until after Judge Rose's decision made it clear that Judge Roush's decision finally disposed of the matter.

■ Normally, we would not take jurisdiction of a matter wherein the petitioner has rested on his oars and allowed the matter to pass unchallenged. In the instant case, however, the order of Judge Roush may have led the prosecutor to believe that he could safely proceed without further problems. In addition to this reliance on the part of the prosecution on the order of the trial judge the question of the effect of incompetence on the jurisdiction of the trial court to consider other matters, such as a denial of speedy trial, is a matter of first impression by this court. We therefore took jurisdiction to consider Judge Roush's order dismissing the action although we normally would not do so when the petitioner has shown a lack of diligence as is apparent here.

■ Several factors are to be considered in determining whether there is a denial of speedy trial. Time alone is not the controlling factor, Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), prejudice to the defendant being one of the important reasons. Until the defendant is restored to competency and the ability to assist counsel in his defense is determined, it is difficult to ascertain the extent of the prejudice the lapse of time has caused him and his case. He might, for example, wish to enter into a plea agreement or assert an affirmative defense which he could not properly and adequately do if incompetent. Time during which a person is held to be incompetent to stand trial is excluded from the trial time computations by our new rule, Rule 8.4, Rules of Criminal Procedure 1973, and under the prior Rules of Criminal Procedure as interpreted by this court. Rule 11.1 of the Rules of Criminal Procedure 1973 as well as § 13–1621(A) A.R.S., as amended, read as follows:

"A person shall not be tried, convicted, sentenced or punished for a public offense while, as a result of a mental illness or defect, he is unable to understand the proceedings against him or to assist in his own defense."

■ We believe and therefore hold that a court does not have the jurisdiction to grant the motion for dismissal based on

lack of speedy trial until such time as the defendant has been restored to competency and is able to assist in the determination of the matter. It should be noted that when Judge Roush ruled as he did, this question had not been previously considered by the appellate courts of this State and that there were no guidelines to follow.

Because Judge Roush did not have jurisdiction to consider the motion to dismiss because of lack of speedy trial until defendant's competency had been restored, his order is therefore void. Judge Rose's order based upon Judge Roush's order is therefore set aside.

Relief granted.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.