567 P.2d 783

**STATE of Arizona, Appellant,**

v.

**Daniel Osvald LELEVIER, Appellee.**

**No. 3908.**

Supreme Court of Arizona,
En Banc.

July 21, 1977.

Charles F. Hyder, Maricopa County Atty.
by John C. Lincoln, Deputy County Atty.,
Phoenix, for appellant.

Ross P. Lee, Maricopa County Public Defender by Anne W. Kappes, Deputy Public Defender, Phoenix, for appellee.

HAYS, Justice.

This is an appeal by the State of Arizona from an order of the trial court granting the appellee's motion to suppress certain drugs and marijuana confiscated from him by police. We have jurisdiction pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5).

The facts of this case are simple. Mesa Police Detective Robert Chamberlain, having received information "from several people" that appellee had been dealing in drugs, familiarized himself with appellee's vehicle, a 1965 GMC Suburban. When Detective Chamberlain, on narcotics duty with his partner, Detective Adams, happened to see this vehicle parked on a street in Mesa, he decided to keep it under temporary surveillance. Shortly, two subjects entered the car, drove a few blocks, turned into a church parking lot and parked there. Appellee was identified as the driver. After the car stopped in this lot, the detectives saw three occupants in the car.

Observing the occupants first without visual aid, then with binoculars, the two detectives watched them passing among themselves a lit cigarette. Detective Chamberlain identified the manner in which the communal smoking occurred as characteristic of the use of marijuana when a group of people are involved. At this point, the detectives took no action, although they clearly suspected the three were, indeed, smoking marijuana.

When the three were finished with the cigarette, the vehicle left the parking lot, drove another short distance, then stopped again on the street. The detectives, in their vehicle, pulled up behind the parked Suburban, exited their own car and approached the suspects' car. They approached from two sides, Detective Chamberlain going to the driver's side. About three feet from the driver's window, he testified, he detected the strong odor of marijuana. He walked directly up to the car's window and through it he observed a baggie of marijuana and a hand-rolled cigarette on the front seat between the driver's and passenger's side. The car's three occupants were immediately arrested for possession of marijuana, and a further search of the vehicle was conducted with appellee's consent. The search revealed more marijuana and some amphetamine powder.

The trial court suppressed all the evidence. It was apparently convinced by appellee that the "stop" of the appellee's car was illegal and the search thereafter produced "tainted fruit." We do not agree.

■ We first deal with the jurisdictional issues raised by appellee in his answering brief. It is true that appeals by the government in criminal matters historically have not been favored, and in the absence of a constitutional provision or statute clearly conferring that right, such an appeal cannot be taken. *See generally United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); 4 Am.Jur.2d *Appeal and Error* § 268; 22 C.J.S. *Criminal Law* § 390b.

■ Arizona, however, has such a clear statute in A.R.S. § 13–1712, entitled "Appeal by state." It says, in pertinent part,

"An appeal may be taken by the state from:

.　　.　　.　　.　　.

"7. An order granting a motion to suppress the use of evidence."

Appellee argues that the statute is vague, ambiguous and overbroad in that it does not define "motion to suppress" and therefore the state could appeal from any court ruling which sustains an objection to evidence before, during or after trial.

■ We need only look to rule 16 of 17 A.R.S. Rules of Criminal Procedure to answer that specious argument. A motion to suppress challenges only the constitutionality of the obtaining of evidence by the state and it is made before trial begins. *See* rule 16.2(a) and (b).

■■ The second argument propounded by the appellant regarding the validity of

§ 13–1712 is that it is silent about whether the prosecution may be indefinitely continued while the state's appeal is pending. The simple answer to that is that the constitutional and statutory guarantees of a speedy trial would prevent any such indefinite postponement. The court followed the appropriate procedure in dismissing the case (in this instance without prejudice) when the state could not proceed to trial.

Now we approach the heart of this appeal which is whether there was actually an investigative stop by the two detectives and, if so, whether it was legally or illegally accomplished.

The appellant argues that the car had stopped by its occupants' own volition and all the detectives did was approach the already stationary vehicle.

Why the car stopped is irrelevant. What is important is that the police approached the stopped vehicle with the very obvious intent of detaining it for an investigation.

The next inquiry becomes, were they entitled to do so? Clearly, they were. " . . . [A] police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." *Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968).

The appropriate circumstances in Arizona are where there is

"a reasonable suspicion . . . that 'some activity out of the ordinary' is or had occurred, some suggestion to connect the detained person with the unusual activity, and some indication that the activity is related to crime." *State v. Hocker*, 113 Ariz. 450, 457, 556 P.2d 784, 791 (1976).

That test is met where the information Detective Chamberlain had regarding appellee's possible involvement in drug trade is combined with the personal observations of the detectives.

The order of the trial court suppressing the evidence is vacated, the order of dismissal is vacated, and the case is remanded for further proceedings consistent herewith.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.