tive value would outweigh the prejudicial effect.

\* \* \* \* \* \*

"My ruling would be that each of the eight felony convictions then would be admissible for impeachment purposes if in fact [the defendant] takes the stand."

Appellant argues that the trial judge's ruling was made in violation of "the dictates of Rule 609." However, having read a transcript of the hearing, it is clear to us that the trial judge fully complied with the requirements of Rule 609 as set forth in *Ellerson* and *Sullivan*.[3] We find no abuse of discretion.

## INEFFECTIVE ASSISTANCE OF COUNSEL

 Appellant asserts, but does not argue, that his trial counsel ineffectively assisted his defense. A criminal defense attorney must demonstrate at least minimal professional competence. *State v. Watson*, 134 Ariz. 1, 653 P.2d 351 (1982). We have searched the entire record pursuant to A.R.S. § 13–4035 and have found no evidence of ineffective assistance. Trial counsel filed appropriate pre-trial motions on appellant's behalf. He cross-examined the state's witnesses and witnesses for the co-defendant; he presented witnesses on behalf of appellant; he made objections and motions during trial. Trial counsel's waiver of closing argument and tactic of relying upon the court's jury instructions does not constitute ineffective assistance of counsel. As our Court of Appeals has noted, "in some cases the wisest trial tactic is to keep quiet \* \* \*. We refuse to equate silence with incompetence." *State v. Martinez*, 19 Ariz.App. 417, 418, 508 P.2d 82,

---

3. The author of this opinion has not retreated from the stance expressed in his dissent in *Sullivan* that prior convictions for similar crimes should be admitted sparingly. In such a case, the jury is perhaps likely to infer that "if he did it once, he probably did it again." *See Sullivan*, 130 Ariz. at 219, 635 P.2d at 507 (Gordon, J., dissenting). However, here the issue of self-de-

83, *cert. denied*, 414 U.S. 1027, 94 S.Ct. 456, 38 L.Ed.2d 320 (1973).

The convictions are affirmed.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.

675 P.2d 1319

**STATE of Arizona, ex rel. Robert K. CORBIN, Arizona Attorney General, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona, In and For MARICOPA COUNTY, and Honorable John H. Seidel, a Judge thereof, Respondents,**

**and**

**Larry Eugene EVANS, Darick Leonard Gerlaugh, Luis Morine Mata, Sylvester Smith, Jr., and Ruben C. Zaragoza, Real Parties in Interest.**

**No. 17087–SA.**

Supreme Court of Arizona, In Banc.

Jan. 13, 1984.

fense was critical. As far as the record on appeal indicates, appellant's prior convictions did not involve self-defense claims. If the prosecution, in response to appellant's self-defense assertion, had planned to impeach him by implying that "every time he's charged with something, he claims self-defense," our result might be different.

Robert K. Corbin, Atty. Gen. by Crane McClennen, Asst. Atty. Gen., Phoenix, for petitioner.

Stompoly & Even by David L. Horley, Tucson, for real party in interest Mata.

Cunningham, Goodson & Tiffany by John Foreman, Phoenix, for real party in interest.Gerlaugh.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Michael G. Sullivan, Deputy Public Defenders, Phoenix, for real parties in interest Smith and Evans.

CAMERON, Justice

A petition for special action was filed by the State of Arizona requesting enforcement of Rule 32.4(c), Arizona Rules of Criminal Procedure, 17 A.R.S., concerning respondents' petitions for post-conviction relief. We accepted jurisdiction pursuant to Art. 6, § 5(4) of the Arizona Constitution because the question raised is of statewide importance involving a conflict between the Arizona Rules of Criminal Procedure, 17 A.R.S., and the Local Rules of Procedure for Maricopa County, 17A A.R.S., and because there is no plain, speedy or adequate remedy by appeal.

We need answer only one question: Does Rule 32.4(c), Arizona Rules of Criminal Procedure, 17 A.R.S., require a petition for post-conviction relief to be initially considered "where possible" by the sentencing judge even though this is not required by the Local Rules of Procedure?

The facts of the case are not in dispute. The five respondents, real parties in interest, are defendants sentenced to death for first-degree murder who have filed Rule 32 petitions for post-conviction relief in the Superior Court of Maricopa County. In each of the five cases, the judges who presided over the respondents' trials and who sentenced the respondents are no longer assigned to criminal calendars, although they are still superior court judges. The presiding judge of the criminal division has

assigned the hearings of the five Rule 32 petitions to judges currently having a criminal calendar, instead of the sentencing judges. The state filed motions in each of the five cases, requesting that the presiding judge reassign the cases to the sentencing judges. From the denial of such motions, the state brought this special action.

The Arizona Rules of Criminal Procedure provide for post-conviction relief in criminal cases:

c. *Assignment of Judge.* The proceeding shall be assigned to the sentencing judge where possible. If it appears that his testimony will be relevant, he shall transfer the case to another judge.

Rule 32.4, Arizona Rules of Criminal Procedure, 17 A.R.S. The Comment to Rule 32.4(c), supra, states:

This rule favors the policy of giving a judge already familiar with the case the opportunity to correct any errors. Nothing in this section is intended to prohibit the sentencing judge from excusing himself if he believes that it may be inappropriate for him to preside over and decide the case, * * * nor to limit a party's right to disqualify a judge under Rules 10.1 and 10.2.

In the instant case, the sentencing judges are still judges of the superior court and it is "possible" for them to hear the petitions.

Until amended effective 7 September 1983, Rule 4.3(a) of the Local Rules of the Superior Court, Maricopa County, 17A A.R.S., provided that criminal cases should be assigned pursuant to Rule XVI, Uniform Rules of Practice, 17 A.R.S. Rule XVI provided that the post-conviction matters should be assigned to the "previous trial judge." After being changed effective 7 September 1983, Rule 4.3(a) reads:

Criminal cases shall be assigned to trial divisions in a manner to be prescribed by the presiding judge providing for as equal a distribution of cases to all divisions as possible.

Rule XVI of the Uniform Rules of Practice has been deleted.

■ Reading Local Rule 4.3(a) to allow the presiding judge to initially assign Rule 32 petitions to judges other than the sentencing judges conflicts with Rule 32.4(c), which requires the petition for post-conviction relief to be heard by the "sentencing judge." Generally, where local courts have the power to adopt local rules, they may do so insofar as they are not inconsistent with the general rules. In the federal courts it has been stated:

Local rules may be adopted by the District Court under Rule 83 of the Federal Rules of Civil Procedure if they are not inconsistent with the federal rules.

*Mutual Fund Investors v. Putnam Management Company,* 553 F.2d 620, 625 (9th Cir.1977). The Superior Court of Pennsylvania has noted:

Although the several courts of common pleas may properly adopt local rules, such rules are invalid to the extent that they conflict with or are inconsistent with the Pennsylvania Rules of Civil Procedure.

*Gonzales v. Procaccio Brothers Trucking Company,* 268 Pa.Super.Ct. 245, 249, 407 A.2d 1338, 1340 (1979) (citations omitted). *See also Acri v. Wintermeyer,* 285 Pa.Super.Ct. 486, 489, 428 A.2d 150, 151 (1981).

■ The Uniform Rules of Practice of the Superior Court of Arizona were adopted by this court pursuant to Art. 6, § 5, paragraph 5 of the Arizona Constitution. The Uniform Rules provide that:

With the approval of a majority of the judges of the county, the presiding judge shall supplement these rules by local rules, which shall be promulgated and published upon approval of the Chief Justice of the Supreme Court.

Rule XIV, Uniform Rules of Practice, 17A A.R.S. The Local Rules of Procedure for Maricopa County were promulgated by the presiding judge of Maricopa County with the approval of a majority of the Maricopa County Superior Court judges. Though approved by the Chief Justice of the Arizona Supreme Court as provided by the Uniform Rules of Practice, they were in fact reviewed by all the members of this court before being approved by the Chief Justice. If there is a conflict between the local rules and the rules of criminal procedure, this court must share at the least some of the

responsibility for such conflict. In any event, there being a conflict, the Arizona Rules of Criminal Procedure applicable to all criminal matters in all counties will prevail over Local Rules of Procedure. To hold otherwise would open the door for inconsistent application of the rules of criminal procedure, resulting in significant variations of procedure and needless complications of practice. We hold that when there is, as here, a conflict between the Local Rules of Procedure and the Rules of Criminal Procedure, the Rules of Criminal Procedure shall prevail, and the petition for post-conviction relief must initially be heard by the sentencing judge, as required by Rule 32.4(c) of the Arizona Rules of Criminal Procedure, 17 A.R.S.

Respondents Evans and Smith contend, however, that the state has followed the wrong procedure in this court, and that the relief sought should be obtained by following Rule 32.9, Arizona Rules of Criminal Procedure, 17 A.R.S., subsections (a) and (c), which provide for review of the Rule 32 hearing by this court. We do not foreclose this procedure by the state, but we have already accepted jurisdiction in order to reconcile two rules for the reasons stated above. To remand for proceedings pursuant to Rule 32.9(a) would unduly prolong the determination of this matter.

Respondent Gerlaugh contends that Rule 32 should not apply because in his particular case the sentencing judge will be called upon to testify. If it becomes evident that such judge's testimony is relevant to the proceedings, a change of judge would be appropriate. See Comment to Rule 32.4(c), supra. In the meantime, Rule 32 requires that the petition initially be considered by the presiding judge.

Respondent Gerlaugh also contends that the state is guilty of laches in failing to bring the petition for special action until almost six months after the rulings. We agree that the state should have acted with more diligence. An important concern when construing any rule of procedure is that the construction promote public policy goals and over-all fairness. One public policy goal is the avoidance of wasted judicial time, thereby providing the defendant with a speedy trial and conserving the cost of determining the matter.

■ The state as well as the defendant may be estopped from bringing an action in this court, *see United States v. Lazy FC Ranch*, 481 F.2d 985, 989 (9th Cir.1973); accord, *Freightways, Inc. v. Arizona Corporation Commission*, 129 Ariz. 245, 248, 630 P.2d 541, 544 (1981) (citing *Lazy FC Ranch*, supra, with approval), even "when the government conduct complained of was in the form of inaction or silence." Note, Equitable Estoppel of the Government, 79 Colum.L.Rev. 551, 560 (1979). We do not believe, however, that the state should be estopped in the instant case. It would appear that the state waited until it was evident that the rulings of the judge were to be applied in more than one case involving the application of Rule 32. Some were less timely than others, but by grouping these cases together, there has been an economy of judicial time. Also there was no prejudice to the defendant, a necessary element of estoppel. *See* Dobbs, Remedies, § 2.3 at 42 (1973). We therefore will not apply the doctrine of estoppel.

Finally, respondent Mata contends that in addition the local rules provide that habeas corpus and special actions cases be assigned to the criminal division:

> c. *Habeas Corpus and Special Actions.* Habeas corpus and special action cases pertaining to the custody or detention of individuals shall be assigned as follows:
>
> (1) To a criminal division if the case pertains to the custody or detention of a person pursuant to a criminal charge.
>
> \* \* \* \* \* \*

Rule 2.11, Local Rules of the Superior Court, Maricopa County, 17A A.R.S.

We have noted above that where there is a conflict with the Local Rules and the Rules of Criminal Procedure, the Rules of Criminal Procedure will apply. We do not believe, however, that Local Rule 2.11 is in conflict with or applies to Rule 32 petitions; Rule 2.11 applies to habeas corpus and special actions. Of course, Rule 2.11 does not prevent the trial court or the presiding judge in appropriate cases from treating a

petition for habeas corpus or petition for special action as a petition for post-conviction relief, pursuant to Rule 32 of the criminal rules. Local Rule 2.11, however, applies only to habeas corpus and special actions, and does not apply to the facts of this case.

The matters are remanded to the presiding criminal judge of Maricopa County with directions to assign the matters to the sentencing judges, pursuant to Rule 32.4(c), Arizona Rules of Criminal Procedure, 17 A.R.S.

Relief granted.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.