704 P.2d 285

STATE of Arizona, Appellee,

v.

Margaret Susan KANGAS, aka Susan Souers, Appellant.

No. 1 CA–CR 7841.

Court of Appeals of Arizona,
Division 1, Department D.

July 5, 1985.

**156**

Robert K. Corbin, The Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, and R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

George A. Rouff, Yuma, for appellant.

## OPINION

HAIRE, Judge.

The issue raised in this appeal is whether the trial judge erred in refusing to overrule a decision made by a fellow judge dismissing *without prejudice* criminal charges previously filed against appellant.

Appellant was initially charged in Yuma County Cause No. 11679 with multiple prostitution-related offenses. She was arrested on these charges on April 15, 1983, and released on bond three days later. She was re-arrested on July 5, 1983 on an unrelated criminal charge and her bail bond was then revoked by her bondsman. After some delay, including a Rule 11 competency hearing, the matter was set for trial, to be held on November 8, 1983 before Judge William W. Nabours. On November 3, 1983, appellant's counsel filed a motion to dismiss the prosecution, based upon an allegation that the speedy trial requirements of Rule 8, Arizona Rules of Criminal Procedure, had been violated. Judge Nabours heard the matter and, on November 4, 1983, dismissed the prosecution without prejudice.

Counsel for appellant admits that at the hearing before Judge Nabours the question of whether the dismissal should be without prejudice was discussed both on the record and in chambers. Counsel testified that at the time of the dismissal the only prejudice perceived by counsel resulting from the delay concerned the possibility that previously available witnesses would no longer be available, but he had no definite information in that regard. As it subsequently developed, the unavailable witnesses were witnesses for the state, and their absence benefitted appellant because the state was no longer able to prosecute two of the original charges.

Immediately after the entry of the dismissal order in Cause No. 11679, and before appellant had been released from jail, the prosecutor commenced the present proceeding, Cause No. 11883, by refiling the dismissed charges. Appellant never challenged Judge Nabours' order of dismissal without prejudice in Cause No. 11679 by asking him to reconsider the dismissal or by requesting appellate special action review of that dismissal order. Instead, the matter was first urged in an oral motion to dismiss presented in Cause No. 11883 during an omnibus hearing before Judge B.L. Helm on February 27, 1984, the day before the scheduled trial on the refiled charges.

At the hearing before Judge Helm appellant urged that Judge Nabours erred in dismissing Cause No. 11679 without prejudice.[1] Judge Helm expressed concern with the delay in presenting the motion to dismiss and also questioned whether he should undertake to review the order of dismissal without prejudice previously entered by Judge Nabours in Cause No. 11679. Ultimately, however, Judge Helm considered all of the arguments urged by appellant, and then denied the motion to dismiss with prejudice.

After the state dismissed two counts of receiving the earnings of a prostitute because of the unavailability of state witnesses, the matter proceeded to jury trial, resulting in appellant's conviction on one count of maintaining a prostitution enterprise, one count of conspiracy to maintain a prostitution enterprise, five counts of re-

---

1. There was no contention that appellant's speedy trial rights were violated in the new proceedings, Cause No. 11883. In fact, at the hearing on the motion to dismiss appellant's counsel acknowledged that the prosecutor had been "very diligent in prosecuting" the pending charges.

ceiving the earnings of a prostitute and one count of attempting to receive the earnings of a prostitute. She was sentenced to concurrent two year terms on all counts except for a one and one-half year concurrent term on the attempt charge. The trial judge gave appellant credit for pre-sentence incarceration by back-dating the commencement of the sentences to July 5, 1983.

On appeal the only issue presented by appellant is that Judge Helm erred in refusing to overrule Judge Nabours' decision that the dismissal of the charges in Cause No. 11679 was without prejudice. The state's argument in response is that there was no speedy trial violation in Cause No. 11679, and therefore Judge Nabours erred in entering any order of dismissal in that action. We hold that the state is precluded by principles of finality from attacking the validity of the dismissal order entered in Cause No. 11679. Under the provisions of A.R.S. § 13–4032(1) the state is given the right to appeal from "[a]n order dismissing an indictment, information or complaint or count of an indictment, information or complaint." *See State v. Schneider*, 135 Ariz. 387, 661 P.2d 651 (App.1983). The state failed to do so. Accordingly, as to the state, the order of dismissal became final after the expiration of 20 days from the date of its entry. *See* Rule 31.3, Arizona Rules of Criminal Procedure, 17 A.R.S. We therefore refuse to consider the state's contention that Judge Nabours committed error in finding that the speedy trial time limits imposed by Rule 8 had been violated in Cause No. 11679.

We consider next whether appellant is similarly precluded from questioning in this action the propriety of the dismissal without prejudice entered in Cause No. 11679. We note that, unlike the state, appellant was not entitled to directly appeal from the order of dismissal. *See* A.R.S. § 13–4033; *State v. Tucker*, 133 Ariz. 304,

651 P.2d 359 (1982). Special action review, however, would be available. *See Quigley v. City Court of the City of Tucson*, 132 Ariz. 35, 643 P.2d 738 (App.1982); *cf. State v. Coury*, 128 Ariz. 297, 625 P.2d 360 (App. 1981) (holding that appropriate remedy for state to review orders of dismissal with prejudice was by special action where statutory provision then in effect did not give the state a right of appeal from such orders). When the state has refiled dismissed charges, timely review by special action of a dismissal without prejudice would promote judicial economy since a special action decision in the defendant's favor would avoid the necessity for a subsequent trial. *See State v. Tucker, supra.*

We realize that in *State v. Tucker, supra,* under circumstances somewhat similar to those involved in this case the Arizona Supreme Court rejected the state's contention that the defendant had waived his right to question the trial court's dismissal of the original charges without prejudice by failing to seek special action review of that dismissal. However, in holding that there was no waiver, the court noted that the defendant's failure to seek special action review might well have been attributable to representations previously made in that action by the state. The defendant had attempted to appeal from the order dismissing the original charges without prejudice. In successfully arguing for dismissal of that appeal, the state urged that "appellant is free to raise his challenges after judgment and sentence in a timely filed Opening Brief." The court in *Tucker* based its finding of non-waiver on the peculiar circumstances of that case. We do not believe that the court's decision in *Tucker* was intended to apply in all situations.

The circumstances of this case present compelling reasons why ordinarily a defendant should be required to seek appellate special action review when he disagrees with the ruling that a dismissal is without prejudice.[2] Here, by re-arguing in

2. We note that there is no necessity for a defendant to seek special action review unless the charges are refiled by the state.

the subsequent action the propriety of Judge Nabours' order dismissing the charges, appellant was in essence seeking a horizontal review of that ruling by another superior court judge, a practice which has been consistently criticized and disapproved by our courts. *See Fraternal Order of Police, Lodge 2 v. Superior Court in and for Maricopa County,* 122 Ariz. 563, 596 P.2d 701 (1979); *Union Rock & Materials Corp. v. Scottsdale Conference Center,* 139 Ariz. 268, 678 P.2d 453 (App.1983); *Union Const. Co., Inc. v. Beneficial Standard Mortg. Investors,* 125 Ariz. 433, 610 P.2d 67 (App.1983). In this connection we emphasize that the motion to dismiss filed in the subsequent proceedings was not based upon events developing after the original dismissal which, in themselves, might have infringed upon appellant's right to a speedy trial. Rather, the only evidence presented by appellant's counsel at the hearing before Judge Helm consisted of the testimony of appellant's prior counsel relating to known events which occurred prior to the entry by Judge Nabours of the dismissal order.

■ Based upon the foregoing, we ordinarily would hold that appellant had waived her right to raise in these proceedings the propriety of the order of dismissal without prejudice entered by Judge Nabours in the prior proceedings. However, since in this case we cannot say that appellant's failure to seek special action review of Judge Nabours' order was unreasonable in view of *State v. Tucker, supra,* we will consider the issue on the merits. Under the provisions of Rule 8.6, Arizona Rules of Criminal Procedure, if the court after considering the time exclusions allowed by the rule, determines that the rule's time limits have been violated, the court "shall ... dismiss the prosecution with or without prejudice." The rule's language is very explicit. Upon a finding of violation the court must dismiss the prosecution, but the court is given discretion as to whether the dismissal is to be with prejudice or without prejudice. The only specific standard set forth in Rule 8 to guide the exercise of the court's discretion as to whether the dismis-

sal should be with or without prejudice is found in Rule 8.1(d) as follows:

"(d) Duty of Defense Counsel. The defendant's counsel shall advise the court of the inpending expiration of time limits in the defendant's case. Failure to do so may result in sanctions and should be considered by the court in determining whether to dismiss an action with prejudice pursuant to Rule 8.6."

Some guidance, however, is also found in the provisions of Rule 16.5(d):

"(d) Effect of Dismissal. Dismissal of a prosecution shall be without prejudice to commencement of another prosecution, unless the court order finds that the interests of justice require that the dismissal be with prejudice."

■ Additionally, case law establishes that in determining whether the interests of justice require that the dismissal be with prejudice, consideration should be given to factors normally pertinent to a determination of whether there has been a violation of a defendant's sixth amendment rights to a speedy trial as established in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The most important factor in deciding whether the dismissal should be with prejudice is whether the delay has been prejudicial to the defendant. *See State v. Zuck,* 134 Ariz. 509, 658 P.2d 162 (1983); *State ex rel. Berger v. Superior Court,* 111 Ariz. 335, 529 P.2d 686 (1974); *State v. Tucker, supra.*

■ Applying the foregoing to the facts of this case, we find that appellant has shown no prejudice resulting from the delay in this case. As to her claim that her mental condition deteriorated while in custody, we first note that even if we were to accept appellant's premise that her mental condition did in fact deteriorate, the deterioration occurred early in this prosecution and long prior to the expiration of Rule 8's speedy trial time limits. More importantly, however, two mental health experts were appointed to examine appellant, and both were of the firm opinion that appellant was feigning her alleged mental condition, and

that she was entirely competent at all times to stand trial and to understand and assist her counsel in defending against the charges. In short, there was no substance to counsel's claims that appellant's mental condition had deteriorated. Nor, is there any showing in the record that appellant was prejudiced by reason of the unavailability of witnesses as a result of delay. In fact, she obviously benefitted, since two of the charges against her had to be dismissed because of the unavailability of prosecution witnesses. We conclude that appellant has shown no prejudice, and accordingly Judge Helm did not abuse his discretion in refusing to overrule the prior dismissal without prejudice.

The judgments of conviction and sentences imposed are affirmed.

MEYERSON, P.J., and GRANT, J., concur.