773 P.2d 486
**STATE of Arizona, Appellant,**

v.

**Demetrio RODRIGUEZ, Appellee.**

**No. 1 CA–CR 11833.**

Court of Appeals of Arizona,
Division 1, Department D.

March 16, 1989.

As Amended March 20, 1989.

Review Denied June 8, 1989.

Thomas E. Collins, Maricopa County Atty. by H. Allen Gerhardt, Deputy County Atty., Phoenix, for appellant.

Dean W. Trebesch, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellee.

## OPINION

GREER, Judge.

Appellee was indicted on December 11, 1985, for two counts of child molestation. On June 27, 1986, a jury found the appellee guilty as charged. At that trial, the seven-year-old victim of both offenses testified and was cross-examined. On September 8, 1986, the trial judge granted appellee's motion for new trial pursuant to Rule 24.1, Ariz.R.Crim.P. The state filed a timely appeal in the matter, *State v. Rodriguez*, 1 CA–CR 10641; however, it voluntarily dismissed its appeal and appellee's case was scheduled for a new trial. On May 27, 1987, the trial judge found that the victim was unavailable to testify at the second trial pursuant to Rule 804(a)(4), Ariz.R. Evid., and the transcript of her earlier testimony could be admitted into evidence. This court declined jurisdiction over the appellee's special action challenging this ruling. *Rodriguez v. Superior Court*, 1 CA–SA 190 (June 24, 1987).

After the special action to this court, the matter was assigned to a new trial judge. Prior to trial, defense counsel sought reconsideration of the previous judge's ruling to admit transcripts from the first trial. The defense submitted a written motion entitled "Memorandum in Support of Defendant's Motion to Exclude Prior Testimony." After hearing the motion to reconsider the ruling on unavailability, the new trial judge found good cause to reconsider the previous judge's order pursuant to Rule 16.1(d), Ariz.R.Crim.P, and in effect denied the admissibility of the child's testimony at the first trial. The trial court granted the state's subsequent motion to dismiss the charges without prejudice, and the state filed a notice of appeal pursuant to A.R.S. § 13–4032(7). On appeal, the state presents the following issues:

(1) Does the state have a right to proceed by appeal in this matter pursuant to A.R.S. § 13–4032(7)?

(2) Did the trial judge have sufficient good cause to reconsider the ruling of the previous trial judge pursuant to Rule 16.1(d), Ariz.R.Crim.P.

## RIGHT TO APPEAL

The state claims that it is taking a direct appeal from the granting of a motion to suppress under A.R.S. § 13–4032(7). Appellee claims that the motion granted was not a motion to suppress evidence, and the state can only proceed by way of special action in this matter, citing *State v. Lelevier*, 116 Ariz. 37, 567 P.2d 783 (1977).

The only permissible appeals by the state in criminal cases are those specified by statute. *State v. Lopez*, 26 Ariz.App. 559, 550 P.2d 113 (1976). The state argues that, while the motion was called a "Motion To Exclude Prior Testimony," its effect was to suppress introduction of the first trial transcripts into evidence and is properly appealable under A.R.S. § 13–4032(7).

Pursuant to A.R.S. § 13–4032(7), an appeal may be taken by the state from "[a]n order granting a motion to suppress the use of evidence." The state's right to appeal under A.R.S. § 13–4032(7) is not limited to the suppression of illegally-obtained evidence.

In *State v. Lelevier, supra*, the supreme court denied the defendant's challenge that evidence seized during a stop of the defendant's car was not the product of an illegal search. The supreme court noted that a motion to suppress within the meaning of the statutory predecessor of A.R.S. § 13–4032(7) challenged only the constitutionality of the obtaining of evidence by the state. However, *Lelevier* only involved an issue of suppressing illegally-obtained evidence and did not necessarily consider other potential appeals by the state.

A.R.S. § 13–4032(7) has since been used to challenge suppressing evidence on grounds other than violations of the Fourth Amendment. In *State v. Kozlowski*, 143 Ariz. 137, 692 P.2d 316 (App.1984), A.R.S.

§ 13–4032(7) was used to appeal suppression of out-of-state driver's license revocation evidence through a motion *in limine.* The evidence had nothing to do with any violation of the Fourth Amendment, nor was it an attempt to suppress based upon any illegal seizure. *See also, State v. Mitchell,* 136 Ariz. 386, 666 P.2d 486 (App. 1982). In *State v. Burciaga,* 146 Ariz. 333, 705 P.2d 1384 (App.1985), the state was allowed, pursuant to A.R.S. § 13–4032(7), to appeal the denial of its request to use an admission to a presentence officer under Rule 26.6, Ariz.R.Crim.P. The state also appealed the trial court's pre-trial ruling that prior convictions could not be used in its case-in-chief pursuant to Rule 404, Ariz. R.Evid. Neither issue involved any question of illegally-seized evidence. The court's jurisdiction over these cases is supported by *State v. Rodriguez,* 126 Ariz. 28, 30, 612 P.2d 484, 486 (1980), where the Arizona Supreme Court equated a motion *in limine* with a motion to suppress under Rule 16, Ariz.R.Crim.P. In *Rodriguez,* the motion at issue was meant to preclude the state from introducing the defendant's juvenile record.

In this case, appellee's motion sought to preclude the state from introducing the prior trial's transcripts into evidence. While this is different from the issue in *Lelevier,* the trial court's ruling had the effect of prohibiting the state from using certain evidence and was a motion to suppress within the parameters of Rule 16, Ariz.R.Crim.P. *See Rodriguez, supra.* Accordingly, the motion and ruling were within the scope of orders appealable by the state pursuant to A.R.S. § 13–4032(7).

## GOOD CAUSE

■ As previously noted, appellee opposed the introduction of the first trial's transcripts of the victim's testimony based upon a denial of his right to confront a witness against him under the Sixth Amendment to the United States Constitution. The first trial judge held a hearing in this matter where he heard testimony from two witnesses. The first witness, a psychologist, testified that he had interviewed the victim and read the transcript of the previous testimony. He determined that the child was afraid to return to testify, that her first testimony caused traumatic strain, and that she now had a phobic reaction to speaking. The psychologist further testified that such a phobia is a mental infirmity. However, he could not predict precisely how the victim would react in court and could not say whether the victim would be an uncommunicative witness. The victim's mother testified that her daughter was traumatized by the first trial and would be traumatized again if forced to testify. After hearing this testimony, the judge found the witness unavailable due to a mental infirmity pursuant to Rule 804(a)(4), Ariz.R.Evid., and admitted her first trial testimony.

After his special action was declined, appellee moved for reconsideration of this issue before a new superior court judge. Additional evidence was submitted to the trial court that an important part of the transcript did not show where the victim was pointing while being questioned:

PROSECUTOR: Jhennessa, while you are standing stay standing, point to your belly button.

ANSWER: Oh.

PROSECUTOR: Okay, point to your vagina. You know where they are don't you?

ANSWER: Uh-huh.

Defense counsel argued that there was a factual disagreement as to where the victim had pointed and that admitting the transcript in its current state would deprive him of the opportunity to show that the victim could not point to her vagina. After considering this new problem, the trial judge ruled as follows:

And just so the record is straight, it is the finding of the Court that there's good cause for reconsideration, that cause being that at the time that this motion was previously made and ruled upon by Judge Seidel, apparently the Court had not been advised of this discrepancy or at least lack of indication by the witness as set forth in the Court transcript. I have reviewed that portion of the transcript.

Mr. Manross has brought to my attention the fact there's a disagreement between counsel as to what in fact the witness was pointing to during the course of the trial, and that this information was not provided to Judge Seidel at the time that the motion was originally ruled upon.

The state argues that one trial judge cannot generally overrule another, citing *State v. Superior Court*, 111 Ariz. 212, 526 P.2d 1234 (1974). The practice of seeking "horizontal review" by taking an issue from one superior court judge to another superior court judge has been consistently criticized and disapproved. *State v. Kangas*, 146 Ariz. 155, 157–58, 704 P.2d 285, 287–88 (App.1985). However, Rule 16.1(d), Ariz.R.Crim.P., specifically allows for reconsideration of motions under certain circumstances. The comment to the rule states:

> Rule 16.1(d) sets forth the simple principle that issues once determined by a court ought not, without a showing of good cause, be reconsidered by the same court *or another of equal jurisdiction.*

(Emphasis added.)

As demonstrated by the comment, Ariz.R.Crim.P. Rule 16.1(d) allows one superior court judge to reconsider the previous ruling of another superior court judge. While the practice is generally disapproved (except for good cause), it is not impossible, as the state claims. Accordingly, while reconsideration under Rule 16 should be sparingly utilized, a second judge may reconsider the rulings of a previous judge for good cause. *State v. Davis*, 137 Ariz. 551, 560, 672 P.2d 480, 489 (App.1983).

The state also claims that there was no "good cause" shown in this case. In *Davis*, the trial judge appropriately found good cause to reconsider his previous decision based upon a recent appellate opinion and a review of earlier issues in the light of subsequent events. Such factors were found to be good cause. *Davis*, 137 Ariz. at 560, 672 P.2d at 489. In this case, the new factor was the recent discovery of the ambiguity in the transcript as to where the victim was pointing. The trial judge specifically found this problem had not been previously considered and it constituted "good cause." In other contexts, new or additional evidence has been found to be good cause for a remand to reconsider a previous ruling. *Johnson v. Schweiker*, 656 F.2d 424 (9th Cir.1981) (construing the "good cause" requirement of 42 U.S.C. § 405(g)). The trial court's ruling on a motion to suppress will not be disturbed on appeal absent clear and manifest error. *State v. Gerlaugh*, 134 Ariz. 164, 654 P.2d 800 (1982). The state has failed to show clear and manifest error by the trial court in finding good cause to reconsider.

■ The state, in its opening brief, does not take exception with the basis for the trial court's ruling under the confrontation clause, nor with the possible alternatives to the suppression of the evidence. Accordingly, the state has waived consideration of the other facets of this issue by failure to argue them in this appeal. *State v. Blodgette*, 121 Ariz. 392, 590 P.2d 931 (1979).

For the foregoing reasons, the decision of the trial judge is affirmed.

GRANT, J., concurs.

CORCORAN, Judge, dissenting:

I respectfully dissent. I find no good cause for Judge Ventre to reconsider Judge Seidel's order permitting the transcript to be used at the second trial because the victim was unavailable. The alleged "discrepancy" in the transcript concerning whether the victim correctly pointed to her vagina is nonexistent. If the victim failed to point to her vagina correctly, then defendant should have and would have made note of it on the record. That defendant made no such record militates in favor of finding that no discrepancy exists.

This conclusion is further buttressed by the record on cross-examination, in which defense counsel asked the victim to indicate on a drawing of a doll where the vagina would be located. Again, the record does not show that the victim failed to indicate the correct location.

Finally, we are not presented with a record that defense counsel argued the matter to the jury in closing argument.

This further supports my conclusion that the alleged discrepancy is bogus and that therefore good cause did *not* exist for reconsideration of Judge Seidel's ruling. It would have been appropriate for Judge Ventre to refer this "new factor" to Judge Seidel for his consideration. *Cf.* rule 32.-4(c) (providing that rule 32 proceedings "shall be assigned to the sentencing judge where possible"); *State ex rel. Corbin v. Superior Court,* 138 Ariz. 500, 502, 675 P.2d 1319, 1321 (1984) (rule 32.4(c) "favors the policy of giving a judge already familiar with the case the opportunity to correct any errors").

NOTE: The Honorable ROBERT J. CORCORAN, Justice of the Arizona Supreme Court, has been authorized by Administrative Order No. 89–3 of the Chief Justice, to participate in the resolution of this case which was previously assigned to him as a judge of this court or to his department before Thursday, January 5, 1989.