236 P.3d 1220

**STATE of Arizona, Appellant,**

v.

**Harvey Ray ROPER, Appellee.**

**No. 1 CA–CR 09–0447.**

Court of Appeals of Arizona, Division 1, Department C.

Aug. 12, 2010.

Review Denied Jan. 4, 2011.

Richard M. Romley, Acting Maricopa County Attorney By Linda Van Brakel, Deputy County Attorney, Phoenix, Attorneys for Appellant.

Bruce Peterson, Office of the Legal Advocate By Frances J. Gray, Deputy Legal Advocate, Phoenix, Attorneys for Appellee.

## OPINION

JOHNSEN, Judge.

¶ 1 We revisit in this case the issue of whether the State may appeal from an order precluding evidence as a disclosure sanction in a criminal case. We adopt the reasoning

of a recent decision issued by a panel of Division Two of this court and hold that Arizona Revised Statutes ("A.R.S.") section 13–4032(6) (2010)[1] does not establish jurisdiction over such an appeal.

## DISCUSSION

¶ 2 Harvey Ray Roper was charged by direct complaint with misconduct involving weapons, a Class 4 felony, and four other crimes. Under the circumstances, we need not relate the facts underlying the charges.

¶ 3 Roper's trial eventually was set for March 26, 2009. At the State's request, the superior court continued the trial to May 12 but denied the State's motion for a further continuance to allow time to complete certain DNA analyses. The State filed a motion to reconsider, in which it said the DNA evidence would be available on May 26 and asked the court to continue trial until June 9. The court denied the State's motion because it found the State had acted negligently in arranging for the DNA analyses.

¶ 4 The State then moved to dismiss all charges except misconduct involving weapons and once again asked that trial on that charge be put off to June 9 so that DNA evidence would be available.[2] The court reiterated its finding that the State had acted negligently in arranging for the DNA tests and set trial for May 26. The State then moved to dismiss the misconduct charge without prejudice. After the court granted the motion to dismiss, the State brought this appeal.

¶ 5 By denying the State's repeated motions to continue trial until after the results of the DNA analyses would be available, the court effectively precluded the State from offering DNA evidence based on its finding that the State had delayed unduly in arranging for the tests to be performed. The State argues we have jurisdiction over its appeal from the court's orders pursuant to A.R.S. § 13–4032(6), which grants the State the right to appeal from "[a]n order granting a motion to suppress the use of evidence."

¶ 6 In *State v. Bejarano,* 219 Ariz. 518, 523, ¶ 14, 200 P.3d 1015, 1020 (App.2008), a panel of Division Two of this court held A.R.S. § 13–4032(6) does not grant jurisdiction over an appeal from an order precluding evidence as a discovery sanction. At issue in *Bejarano* was an order by the superior court that precluded a witness from testifying at trial due to a disclosure violation by the State. *Id.* at 519, ¶ 1, 200 P.3d at 1016. Citing *State v. Lelevier,* 116 Ariz. 37, 38, 567 P.2d 783, 784 (1977), which it said "squarely addressed" the issue, the court concluded it lacked jurisdiction over the appeal because the order appealed from did not constitute "[a]n order granting a motion to suppress." *Id.* at 520, ¶ 3, 200 P.3d at 1017. *See Lelevier,* 116 Ariz. at 38, 567 P.2d at 784 ("A motion to suppress challenges only the constitutionality of the obtaining of evidence by the state . . .").

¶ 7 The State urges us to depart from *Bejarano* and cites *State v. Rodriguez,* 160 Ariz. 381, 382–83, 773 P.2d 486, 487–88 (App. 1989), in which a panel of Division One of this court accepted jurisdiction of the State's appeal from a superior court order precluding testimony on hearsay grounds. For the reasons set out in compelling fashion in *Bejarano,* we decline to follow *Rodriguez.*

## CONCLUSION

¶ 8 Because we agree with the conclusion in *Bejarano* that A.R.S. § 13–4032(6) does not permit the State to appeal from an order precluding evidence as a disclosure sanction, and because the State cites no other basis for our jurisdiction, we dismiss the appeal for lack of jurisdiction.

CONCURRING: DONN KESSLER and PATRICIA K. NORRIS, Judges.

---

1. Absent material revisions after the date of an alleged offense, we cite a statute's current version.

2. We understand from the record that the State wanted to offer DNA evidence that Roper had touched the weapon at issue as proof that he "possessed" it in violation of A.R.S. § 13–3102(A)(4) (2010).