307 P.3d 999

Alexander JORDAN, Petitioner,

v.

The Honorable Crane McCLENNEN, Judge of the Superior Court of The State of Arizona, in and for the County of Maricopa; The Honorable Mark Anderson, Judge of the West Mesa Justice Court of the State of Arizona, in and for the County of Maricopa, Respondent Judges, State of Arizona, Real Party in Interest.

No. 1 CA–SA 13–0099.

Court of Appeals of Arizona, Division 1, Department C.

Aug. 15, 2013.

Law Offices of Craig W. Penrod, P.C. By Simone A. Atkinson, Tempe, Attorneys for Petitioner.

William G. Montgomery, Maricopa County Attorney By Andrea L. Kever, Deputy County Attorney, Phoenix, Attorneys for Real Party in Interest.

## OPINION

JOHNSEN, Chief Judge.

¶ 1 In this special action we address the application of Superior Court Rule of Appellate Procedure–Criminal 8(a)(3) to an appeal from a court of limited jurisdiction when the record of the proceeding appealed from is an audio or video recording rather than a transcript. Accepting jurisdiction, we hold the rule requires parties to such an appeal to cite the specific portion of the recording at which evidence relating to the parties' contentions is found. We grant relief, however, because we conclude the superior court erred by enforcing the rule in this case without notice and without granting petitioner leave to amend his memorandum to comply with the citation requirement.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Alexander Jordan was charged in justice court with two driving-under-the-influence violations under Arizona Revised Statutes ("A.R.S.") sections 28–1381(A)(1) and (A)(2) (West 2013).[1] He filed a motion to suppress, arguing that the officer who stopped him lacked the requisite reasonable

---

1. Absent material revision after the relevant date, we cite a statute's current version.

suspicion. *See Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). After an evidentiary hearing, the justice court denied the motion. The parties then submitted the matter on the record to the court, which found Jordan guilty of both offenses.

¶ 3 Jordan appealed his convictions to the superior court, arguing the justice court erred by denying his motion to suppress. *See* A.R.S. § 22–371(A) (West 2013) ("The defendant in a criminal action may appeal to the superior court from the final judgment of a justice or municipal court."). He did not file a transcript of the evidentiary hearing with his appellate memorandum, but instead filed an audio recording of the proceeding as permitted by Maricopa County Local Rule ("Local Rule") 9.4(b). In his memorandum, Jordan recounted testimony at the justice court hearing but did not reference any specific portion of the recording he had filed. In contrast, the State cited specific time "clips" of the recording of the hearing in its response.

¶ 4 The superior court declined to consider the arguments in Jordan's appellate memorandum, holding that by omitting citations to the audio recording, he had "failed to properly present his issues for appeal" in violation of Superior Court Rule of Appellate Procedure–Criminal ("Criminal Appeal Rule") 8(a)(3). The superior court cited the precept that "[w]hen a litigant fails to include citations to the record in an appellate brief, the court may disregard that party's unsupported factual narrative and draw the facts from the opposing party's properly-documented brief and the record on appeal." After concluding that no fundamental error had occurred in the justice court, the superior court affirmed Jordan's convictions and sentences.

## DISCUSSION

### A. Jurisdiction.

■■■ ¶ 5 Jordan's petition for special action argues the superior court abused its discretion in declining to consider his arguments on appeal because he had failed to provide specific references to the audio recording of the evidentiary hearing. Our exercise of special action jurisdiction is discretionary but proper when the petitioner has no plain, adequate or speedy remedy by appeal. *State ex rel. Romley v. Martin,* 203 Ariz. 46, 47, ¶ 4, 49 P.3d 1142, 1143 (App. 2002). Jurisdiction also is "appropriate in matters of statewide importance, issues of first impression, cases involving purely legal questions, or issues that are likely to arise again." *Id.* (citation omitted).

■■ ¶ 6 Pursuant to A.R.S. § 12–2101 (West 2013), Jordan has no right of appeal from the superior court's order affirming the judgment of the justice court. *See Morgan v. Cont'l Mortg. Investors,* 16 Ariz.App. 86, 89, 491 P.2d 475, 478 (1971). Additionally, the interpretation of Criminal Appeal Rule 8(a)(3) and Local Rule 9.4(b) and their interplay are questions of law and issues of first impression that are likely to arise again. We therefore accept jurisdiction of Jordan's petition for special action.

### B. Criminal Appeal Rule 8(a)(3) Requires Reference to the Specific Portions of a Recording Containing Evidence Supporting a Party's Contentions.

¶ 7 Pursuant to Arizona Rule of Criminal Procedure 30.1(b), the Superior Court Rules of Appellate Procedure–Criminal govern an appeal to the superior court from a criminal proceeding on the record in justice court. *See* A.R.S. § 22–262 (West 2013) ("The procedure for appeals from a justice court to the superior court shall be as provided by rules promulgated by the supreme court."). Criminal Appeal Rule 8(a)(3) states that an appellant's memorandum must include "a short statement of the facts with reference to the record, a concise argument setting forth the legal issues presented with citation of authority, and a conclusion stating the precise remedy sought on appeal." The question we address is the meaning of this provision when, pursuant to local rule, a party has filed a recording of the proceeding rather than a transcript.

¶ 8 Arizona Rule of Criminal Procedure 36 allows the superior court to "make and amend rules governing its practice not inconsistent with" the Arizona Rules of Criminal Procedure. Pursuant to that authority, Mar-

icopa County Superior Court adopted Local Rule 9.4, "Record on appeal," which states:

> a. All cases shall be submitted for determination based upon a verbatim record of proceedings, and those written matters consisting of the pleadings and papers designated, or required by rule to be included within the record on appeal....
>
> b. The verbatim record in limited jurisdiction courts may consist of audio, video, digital, transcription or other method of recording as approved by the Supreme Court. Verbatim records of less than 90 minutes in total length or duration need not be transcribed into a written format.[2]

¶ 9 When a party to an appeal from a limited-jurisdiction court files a transcript of the proceedings appealed from, he or she complies with Criminal Appeal Rule 8(a)(3) by citing the page numbers of the transcript containing evidence that supports his contentions. Jordan argues, however, that when a party submits a recording of the proceeding, as Local Rule 9.4(b) allows, Criminal Appeal Rule 8(a)(3) only requires the party to generally reference the existence of the recording filed with the appeal, and does not require the party to provide any more specific citation to any portion of the recording.

¶ 10 We cannot accept Jordan's construction of Criminal Appeal Rule 8(a)(3) because it effectively nullifies that rule's mandate that a party provide "reference[s] to the record" when the "record" consists of a recording rather than a transcript. Criminal Appeal Rule 8(a)(3) requires a party to designate the location in the record of evidence supporting his contentions. Just as the rule requires a party to cite the page of the transcript when the proceeding has been transcribed, when the "record" of a proceeding is a digital recording, the rule requires a party to cite the specific portion of the recording at which the evidence is found.

¶ 11 Contrary to Jordan's contention, although Local Rule 9.4(b) allows a party to file a recording of the justice court proceeding instead of a transcript, nothing in that rule relieves the party of the duty under Criminal Appeal Rule 8(a)(3) to provide "reference[s] to the record." Nor could any local rule do so; rules of procedure adopted by the Supreme Court prevail over local rules, so that when a local superior court rule conflicts with a rule adopted by the Supreme Court, the former must give way. *See State ex rel. Corbin v. Superior Court*, 138 Ariz. 500, 503, 675 P.2d 1319, 1322 (1984) (when there is "a conflict between the Local Rules of Procedure and the Rules of Criminal Procedure, the Rules of Criminal Procedure shall prevail.").

¶ 12 We will not venture to prescribe exactly how a party might comply with Criminal Appeal Rule 8(a)(3)'s citation requirement when the record of the proceeding appealed from is a recording. Jordan does not dispute that a party has various ways to call the court's attention to a specific portion of a digital recording of a proceeding. The State's response memorandum, for example, cited time-stamped "clips," which we take to mean digital copies of excerpts of the recording of the evidentiary hearing. *See, e.g.,* Oregon R.App. P. 5.20(1) ("Briefs, in referring to the record, shall make appropriate reference ... in the case of an audio record, to the tape number and official cue or numerical counter number....."). We hold only that the parties must by some reasonable and understandable fashion provide the superior court on appeal with references to that portion of the recording at which evidence may be found.

**C. Application of the Rule in This Case.**

¶ 13 Jordan argues the superior court acted arbitrarily by declining to consider his arguments on appeal because he failed to include citations to the electronic recording. Jordan contends that notwithstanding Criminal Appeal Rule 8(a)(3), the division of the Maricopa County superior court assigned to hear lower-court appeals customarily does not require parties to provide specific citations to the electronic recording, and arbitrarily enforced the rule in his case without notice.

2. While we cannot discern from the record the precise length of the evidentiary hearing in this case, the superior court's order states that the recording of the hearing "exceeds 40 minutes."

576

¶ 14 With his special action petition, Jordan filed copies of record materials in four other appeals filed in 2011 and 2012 in the Maricopa County superior court in which the appellant filed a recording of the proceeding rather than a transcript. The appellate memoranda in all four cases, like Jordan's in this case, failed to reference specific portions of the recording. Rather than reject the memoranda for failure to cite specific references in the recordings, in each case, the superior court entered an order noting that for the court's convenience it had asked its own court reporter to transcribe the recording. The court's subsequent orders resolving the four appeals contained references to specific page numbers in the transcripts prepared on the court's own motion. The State does not dispute Jordan's contention that the Maricopa County superior court routinely accepted and considered appellate memoranda that lacked specific references to the audio or video recordings.

¶ 15 In light of these circumstances, we conclude the superior court abused its discretion by declining to consider Jordan's appellate memorandum without giving him notice of its decision to require compliance with Criminal Appeal Rule 8(a)(3) or without allowing him an opportunity to file an amended memorandum with the proper citations.

¶ 16 Accordingly, we vacate the order affirming Jordan's convictions. On remand, Jordan may submit an amended appellate memorandum containing citations to the specific portions of the recording of the justice court proceedings.[3]

**CONCLUSION**

¶ 17 Accepting jurisdiction of the special action petition, for the foregoing reasons, we hold Criminal Appeal Rule 8(a)(3) requires that when the record of a limited-jurisdiction court proceeding is found in an audio or video recording, a party to an appeal from the proceeding must cite the specific portion

of that recording containing evidence supporting his contentions. We vacate and remand the order affirming the convictions in this case, however, because we conclude the superior court acted arbitrarily in enforcing the rule without notice and without granting Jordan leave to file an amended appellate memorandum.

CONCURRING: PETER B. SWANN, Presiding Judge and RANDALL M. HOWE, Judge.

---

3. Jordan also contends the superior court arbitrarily concluded that, by contrast to Jordan's memorandum, the State's response memorandum contained "a citation to the ... evidentiary hearing CD for every factual statement made." Because we are vacating the order on another

ground, we need not consider Jordan's assertions that the State's memorandum relied on evidence found in a police report that is not part of the record on appeal and that the superior court erred to the extent it based its decision on the State's account of that evidence.