676 P.2d 631

**Joanne G. LITAK, Petitioner,**

v.

**The Honorable Stephen SCOTT, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent,**

**Andy Baumert, Attorney for the City of Phoenix, Additional Respondent.**

**No. 17125–SA.**

Supreme Court of Arizona,
In Banc.

Feb. 2, 1984.

George M. Sterling, Jr., Phoenix, for petitioner.

Andy Baumert, Phoenix City Atty. by Aaron J. Carreon-Ainsa, Asst. City Prosecutor, Phoenix, for respondents.

CAMERON, Justice.

This is a petition for special action filed in this court by Joanne Litak, the petitioner, claiming that the Honorable Stephen Scott, Judge of the Superior Court, acted in excess of his jurisdiction in allowing the state to appeal from an order of the Phoenix City Court dismissing two counts in a complaint. We have jurisdiction pursuant to Ariz. Const. Art. 6, § 5(3) and Rule 8, Arizona Rules for Special Actions.

The issues we must resolve on appeal are:

1. May the state appeal from an adverse ruling by a city or police court?

2. Did the state properly appeal from such ruling?

The facts necessary to resolve these issues follow. The petitioner was charged by complaint in Phoenix City Court with leaving the scene of an accident and driving under the influence of alcohol (DWI), A.R.S. §§ 28–665 and 28–692(A). She filed a motion to suppress certain evidence. On 19 April 1983 the city court granted the motion to suppress and dismissed the charge of leaving the scene of an accident. On 29 April the state moved to dismiss the DWI count. The court granted the motion. That same day, the state filed a notice of appeal which stated:

NOTICE IS HEREBY GIVEN that the State of Arizona, pursuant to A.R.S. § 13–4032(1), appeals from the Orders entered in Phoenix Municipal Court on April 19, 1983, and April 29, 1983 dismissing the above-numbered complaints.

The Superior Court denied the petitioner's motion to dismiss the appeal of the order of 19 April. The court then ruled that the evidence should not have been suppressed and that the trial court had abused its discretion in dismissing the complaint for leaving the scene of an accident. The court remanded the matter for a hearing on whether the initial stop of the peti-

tioner's vehicle was a sham and a pretext. Petitioner brought this special action after her motion for rehearing was denied. We granted the petition for special action in order to resolve apparent conflicts in the statutes concerning the right of the state to appeal from orders of the city or justice court.

### MAY THE STATE APPEAL?

 The first issue we must consider is whether the state may appeal to the Superior Court from the city court. We have stated that

absent a pertinent provision in the Arizona Constitution, the right of appeal exists only by statute. If there is no statute which provides that a judgment or order is appealable, the appellate courts of this state do not have jurisdiction to consider the merits of the question raised on appeal.

*Musa v. Adrian,* 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981) (citation omitted). Title 22 of the Arizona Revised Statutes concerns courts not of record, including the Municipal Court of the City of Phoenix, and provides:

Either party may appeal from a police court to the superior court in the same manner as appeals are allowed from justice of the peace courts.

A.R.S. § 22–425(B). Chapter 3 of Title 22, Criminal Proceedings in Justice Courts provides:

The defendant in a criminal action may appeal to the superior court from the final judgment of a justice or police court.

A.R.S. § 22–371(A). No specific provision of Title 22 provides for an appeal by the state, and if these were the only statutes applicable, we would have to hold the state has no right to appeal. However, Title 13, our criminal code, states:

An appeal may be taken by the state from:

1. An order dismissing an indictment, information or *complaint* or count of an indictment, information or *complaint.*

\*　　\*　　\*　　\*　　\*　　\*

7. An order granting a motion to suppress the use of evidence.

8. A judgment of acquittal of one or more offenses charged in an indictment, information or *complaint* or count of an indictment, information or *complaint* entered after a verdict of guilty on the offense or offenses.

A.R.S. § 13–4032 (emphasis added). See also A.R.S. § 13–4031. It is noted that misdemeanors are commenced in non-record courts by complaint. See Rule 2.1, Arizona Rules of Criminal Procedure, 17 A.R.S. A.R.S. § 13–4032 is a specific statute and controls the more general statutes of Title 22. *See Arden-Mayfair v. Dept. of Liquor Licenses and Control,* 123 Ariz. 340, 342, 599 P.2d 793, 795 (1979). We therefore hold that the state had the right to appeal the order of 19 April dismissing the charge of leaving the scene of an accident.

 This does not mean, however, that the state had the right to appeal the 29 April order granting the state's own motion to dismiss. Evidently the state did not believe it had a case without the suppressed evidence, and to allow time for an appeal and ruling by the Superior Court of the suppression order and not violate the speedy trial provisions, the state moved for dismissal. We believe that while the state has a right to dismiss a matter pending appeal and await the outcome of the appeal before filing another complaint, if allowable, *see State v. Lelevier,* 116 Ariz. 37, 39, 567 P.2d 783, 785 (1977), the state does not have the right to appeal an order granting its own motion to dismiss. *See Randle-Eastern v. Vasta,* 360 So.2d 68, 69 (Fla. 1978).

### WAS THE NOTICE OF APPEAL SUFFICIENT?

The state's notice of appeal stated:

NOTICE IS HEREBY GIVEN that the State of Arizona, pursuant to A.R.S. § 13–4032(1), appeals from the Orders entered in Phoenix Municipal Court of

**602**

April 19, 1983, and April 29, 1983 dismissing the above-numbered complaints.

■ The state claims this notice makes it clear the appeal was from "the Orders entered in Phoenix Municipal Court on April 19, 1983 and April 29, 1983 * * * " which would include the order granting the motion to suppress evidence in the DWI charge entered on 19 April. We do not agree. The notice of appeal indicated the state was appealing the orders "dismissing the above-numbered complaints" and no more. The notice was taken pursuant to A.R.S. § 13–4032(1), which concerns only appeals taken from the dismissal of a complaint. The Superior Court then is limited on appeal to reviewing the granting of the motion to dismiss, and may consider the evidentiary rulings only insofar as they affect the ruling on the motion to dismiss.

The order of 29 April granting the state's motion to dismiss the DWI charge was not before the court as noted above because the state may not appeal the granting of its own motion to dismiss.

The order of the Superior Court allowing the appeal by the state from the dismissal of the complaint for leaving the scene of the accident is affirmed. The order refusing to dismiss the appeal from the dismissal of the complaint for DWI is vacated. The matter is remanded to the Superior Court for proceedings not inconsistent with this opinion.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.