733 P.2d 308

**Fred CAVANAUGH, Petitioner,**

v.

**Hon. Michael ALFRED, Judge Pro Tem of the Superior Court, Respondent,**

and

**The STATE of Arizona, Real Party in Interest.**

**No. 2 CA–SA 0396.**

Court of Appeals of Arizona, Division 2, Department A.

Sept. 30, 1986.

Reconsideration Denied Nov. 5, 1986.

Review Denied Feb. 18, 1987.

Lieberthal & Kashman, P.C. by Howard A. Kashman, Tucson, for petitioner.

Frederick S. Dean, City Atty. by George W. Bromley, Tucson, for real party in interest.

## OPINION

FERNANDEZ, Judge.

This special action arises from the trial court's denial of a motion to dismiss the state's appeal to superior court. Because it appears that this is a case of first impression and is of statewide interest to the bench and bar, we assume jurisdiction and deny relief.

Petitioner was arrested on August 1, 1985, and charged with driving while under the influence of intoxicating liquor. A.R.S. § 28–692(A). On October 2, 1985, he filed a motion to suppress, alleging that there was no founded suspicion sufficient to justify the initial stop of his vehicle. The motion to suppress was granted by a Tucson City Court magistrate, and a timely notice of appeal was filed by the state in Pima County Superior Court on November 5, 1985. On December 26, 1985, the state filed its appellant's memorandum, and on January 16, 1986, petitioner filed his appellee's memorandum. No action was taken until April 24 when the state filed a motion to set for hearing and request for oral argument. On April 30, petitioner filed a motion to dismiss, arguing that Rule 30.5, Rules of Criminal Procedure, 17 A.R.S., provides that if an appellant has not moved to have the case set within 25 days after the filing of a notice of appeal, the appeal shall be dismissed and the lower court judgment affirmed. Finding that Rule 30.5 did not apply, however, the superior court denied petitioner's motion to dismiss, giving rise to this special action.

The question before us is whether the Rules of Criminal Procedure or the Superior Court Rules of Appellate Procedure—Criminal, 17A A.R.S. (Supp.), are applicable. Rule 30.1, Rules of Criminal Procedure, states:

a. **Appeal From Non-Record Court When There is No Record.** A person convicted of a criminal offense in a non-record court when there is no record shall have the right to appeal the judgment or sentence, or both judgment and

sentence to a Superior Court as provided by statute and this rule. The provisions of Rule 15 shall not apply to such proceedings to the extent that they have previously been complied with.

**b. Appeal From Non-Record Court When There is a Record.** A person convicted of a criminal offense in a non-record court in which a record was made as provided in A.R.S. § 22–371(c) or § 22–374 shall have the right to appeal in accordance with the Superior Court Rules of Appellate Procedure—Criminal. Rule 30 speaks only to situations in which appeals are brought by "persons convicted" in non-record courts. Similarly, Rule 1, Superior Court Rules of Appellate Procedure—Criminal states in part:

a. These rules govern appeals in a criminal action taken to the Superior Court from the final judgment of a justice or police court pursuant to A.R.S. § 22–371, where a transcript of the record of proceedings or a statement, as provided in Rule 7(b), has been made.

b. The Arizona Rules of Criminal Procedure governing appeals in criminal actions from the Superior Court to the Court of Appeals and Supreme Court shall govern appeals taken to the Superior Court pursuant to (a) above, in situations where no rule is specified herein, and insofar as such Rules are practicable. No appeal shall be affirmed solely for failure to comply with the procedural requirements of these rules where a fair and just determination of the appeal can be made from the record.

c. Rule 30 of the Arizona Rules of Criminal Procedure shall not apply to appeals taken as herein provided. Rule 30 shall apply where a transcript has not been made.

A.R.S. § 22–371, cited in Rule 1(a) above, is addressed to appeals brought by defendants in criminal actions. Therefore, at first glance, it would appear that appeals brought by the state are governed neither by the Superior Court Rules of Appellate Procedure—Criminal nor by the Rules of Criminal Procedure. In *Litak v. Scott*, 138 Ariz. 599, 676 P.2d 631 (1984), our supreme court held that A.R.S. § 13–4032 confers on the state the right to appeal from rulings of non-record courts. *Litak*, a 1984 decision, postdates both the Superior Court Rules of Appellate Procedure and the most recent amendment of Rule 30.1, Rules of Criminal Procedure, both of which became effective in 1980, but fails to delineate which rules apply to such appeals.

Keeping in mind that neither set of rules specifically permits appeals by the state, we think the only permissible reading leads to the conclusion that the Superior Court Rules of Appellate Procedure—Criminal govern. Rule 30, Rules of Criminal Procedure, is only concerned with appeals from non-record courts where there is no transcript and a trial *de novo* is required. Rule 30.5 itself, which petitioner argues is the basis for his motion to dismiss, is merely concerned with having a "trial" set within 25 days after filing of the notice of appeal. To dismiss in that case is proper because a defendant, having already had a trial in a non-record court, should have the burden of going forward with a *de novo* appeal, his inertia in effect being construed as acquiescence in the judgment of the lower court. *See Modig v. Superior Court in and for Cochise County*, 3 Ariz.App. 287, 413 P.2d 797 (1966).

Rule 1(c), Superior Court Rules of Appellate Procedure—Criminal, emphasizes that Rule 30 of the Rules of Criminal Procedure does not apply to appeals in which a transcript has been made. Therefore, even though the Superior Court Rules of Appellate Procedure—Criminal speak in terms of an appeal by a defendant in a criminal action, those rules should also apply to an appeal by the state where, as here, a transcript of the lower court proceedings is available.

We hold that the trial court ruled correctly in finding that Rule 30.5, Rules of Criminal Procedure, did not apply and that the state's appeal was governed by the Superior Court Rules of Appellate Procedure—

Criminal. The trial court correctly denied the motion to dismiss the state's appeal.

Relief denied.

HATHAWAY, C.J., and HOWARD, P.J., concur.