744 P.2d 3

**Tom E. KELLEY, Petitioner,**

**v.**

**ARIZONA DEPARTMENT OF CORRECTIONS, Sam A. Lewis, Director, and David Withey, Legal Analyst, Respondents.**

**No. CV–87–0174–SA.**

Supreme Court of Arizona, En Banc.

Oct. 6, 1987.

Arizona State University Law Clinic by Jane Aiken, Gary Lowenthal, Supervising Attys., Mary Crawford, Darryl Engle, Student Attys., Tempe, for petitioner.

Robert K. Corbin, Atty. Gen. by Thomas Prose, Guy B. Price, Asst. Attys. Gen., Phoenix, for respondents.

MOELLER, Justice.

### FACTS

In 1972, petitioner Tom E. Kelley was convicted of rape and sentenced to twenty to thirty years' imprisonment. He was paroled in 1978. In 1982, while on parole, he was convicted of sexual abuse. Following this second conviction, the Arizona Board of Pardons and Paroles (the Board) revoked his parole. In addition, the Board, pursuant to A.R.S. § 31–417 and this court's decision in *Baker v. Arizona Board of Pardons & Paroles*, 150 Ariz. 414, 724 P.2d 33 (1986), forfeited Kelley's "street time," that is, the time he had spent on parole. Ariz.Comp.Admin.R. & Regs. 5–4–102(16). Thus, if the Board's decision stands, Kelley's term in prison will be lengthened by three years and eight months, the time he had been on parole.

On January 1, 1987, Kelley began serving the last three years and eight months of his sentence as calculated by the Board. He filed a special action in the superior court, alleging that the forfeiture of his street time was a violation of his due process rights. The trial court agreed with Kelley, ruled that his street time had been improperly forfeited, and ordered the Department of Corrections to release him from custody. The Board appealed the trial court's ruling to the court of appeals. Nothing in this opinion on special action should be construed as going to the merits of that appeal.

The Department of Corrections (the Department) did not release Kelley from custody because it took the position that the appeal by the Board automatically stayed the judgment, including the release order. Kelley then filed a special action against the Department in this court, requesting that we order the Department to release him pending appeal. After oral argument, we accepted jurisdiction pursuant to Ariz. Const. art. 6, § 5(4) and ordered Kelley released unless the Department sought and obtained a stay from the trial court. We now hold that the filing of the appeal did not operate as an automatic stay of the judgment.

### PROCEDURAL ISSUES

The Department of Corrections, in its supplemental response to the petition for special action, urged this court to accept jurisdiction of this special action and resolve the issue presented by it. However, in its original written response to the petition, as well as in oral argument, the Department urges a number of procedural objections to the petition. We deal first with those procedural objections.

First, the Department argues that, under Rule 7(a), Arizona Rules of Procedure for Special Actions, this special action should have been brought in the court of appeals. Where, as here, the court of appeals has original appellate jurisdiction, it is ordinarily the court to which the special action must be presented in the first instance. However, if extremely unusual circumstances make it appropriate for us to do so, we may, in our discretion, entertain the special action directly. *See Green v. Superior Court*, 132 Ariz. 468, 470, 647 P.2d 166, 168 (1982). We agree with petitioner that this case presents such unusual circumstances. The necessity for this action is the Department's belief that the notice of appeal acts as an automatic

stay. Thus, under the state's view, even if Kelley prevails at every other level of the court system, he must remain incarcerated until this court renders a final appellate decision favorable to him. In addition, the issue presented is a common one which requires definitive resolution, since there are many appeals by the state, its officers, and its agencies. These circumstances make it desirable and appropriate for this court to entertain the petition.

During oral argument, the Department suggested, for the first time, that the trial court lacked authority to order Kelley's release because the petition in the trial court only requested relief from the Board. The Department concedes that this point was not raised in the trial court or in any pleading filed in this court. We consider the argument to have been waived.

█ The Department also suggests that this court does not have jurisdiction over it because it was not a party to the special action in the trial court. This argument was also raised for the first time at oral argument. The short answer to it is that in *this* special action in this court the Department *is* the respondent, it has appeared, and we do have jurisdiction over it. Thus, there are no procedural or jurisdictional impediments to resolution on the merits of the issue raised in this special action.

## STATE'S NOTICE OF APPEAL: AUTOMATIC STAY?

The substantive issue in this case is whether a notice of appeal filed by the state (or an officer or agency of the state) operates as an automatic stay of a non-money judgment. We hold that it does not.

Rule 31.16, Arizona Rules of Criminal Procedure, provides in part: "An appeal by the state is inoperative to stay order in favor of the defendant...."

The comment explaining the rule is explicit: "This provision is to prevent a defendant from being automatically held in custody upon appeal by the state."

Thus, if this were an appeal in a criminal case, the Rules would provide a clear and conclusive answer. Since this is an appeal from a special action, however, the Rules of Civil Procedure and the Rules of Civil Appellate Procedure apply. The Department contends that those rules require a result different from that which the criminal rules would mandate.

In support of its argument, the Department relies heavily on *Navajo County v. Superior Court,* 105 Ariz. 156, 461 P.2d 77 (1969). In *Navajo County,* Four Corners Pipeline Company obtained a money judgment against a number of Arizona counties for a refund of excess property taxes. The counties appealed. During the course of the appeal, the company took steps to collect on the judgment. We held that the company could not proceed because the appeal by the counties had stayed the judgment. In doing so, we stated:

> Four Corners in its argument refers to Arizona's Rules of Civil Procedure for staying a judgment on appeal. However, Rule 62(d), (e) and (g) are overlooked in the argument. The Rule provides as follows:
>
> 62(d) Stay upon appeal. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this Rule. The bond may be given at or after the time of filing the notice of appeal. *The stay is effective when the supersedeas bond is approved by the court and filed.*
>
> 62(e) Effect of stay. *When a supersedeas bond approved by the court is filed, the execution of the judgment or order appealed from and all further proceedings thereon shall be stayed,* and if execution has been issued, the clerk shall forthwith give notice to the sheriff recalling the execution and no further proceedings shall be had on the judgment or order.
>
> . . . .
>
> 62(g) Stay in favor of the state or agency thereof. When an appeal is taken by the state or an officer or agency thereof or by direction of any department of the state and the operation or enforcement of the judgment is

stayed, no bond, obligation, or other security shall be required from the appellant.

The source of Rule 62(d), *supra*, is Federal Rule 62(d), which has been interpreted by the Federal Courts as follows:

The stay issues as a matter of right in cases within the rule, *and is effective when the supersedeas is approved by the court.*

Since no supersedeas bond is required under Rule 62(g), *supra*, when an appeal is taken by the state or an agency thereof, there is nothing to be approved by the court. The appeal is perfected upon the filing of notice thereof; and the state is entitled to the same rights as an individual giving a bond.

105 Ariz. at 159, 461 P.2d at 80 (citations omitted; emphasis in original).

We agree with the *Navajo County* analysis insofar as money judgments are concerned. However, we do not agree with the state's contention that the analysis is applicable here. Rule 62(g) exempts the state from the requirement of filing a bond or posting other security if a stay is granted; but it does no more than that. It does not purport to grant an automatic stay to the state in all appeals.

In those cases where a private litigant is entitled to a stay upon filing a supersedeas bond, the state receives the stay upon the filing of its notice of appeal because it is not required to file a supersedeas bond. The *Navajo County* case itself recognized that its rationale did not apply to all types of judgments, for it specifically confined its discussion to "cases within the rule." 105 Ariz. at 159, 461 P.2d at 80. The rule referred to, Rule 62(d), expressly exempted from its operation cases covered by Rule 62(a).

Rule 62(a) is still in effect, while Rule 62(d) has been replaced by new Rule 7(a)(1), Arizona Rules of Civil Appellate Procedure, which states: "[W]henever an appellant *entitled thereto* desires a stay on appeal, he may obtain a stay by filing a supersedeas bond...." (Emphasis added.)

Obviously, new Rule 7(a)(1) states implicitly what old Rule 62(d) stated explicitly—there are cases where an appellant must do more than file a bond to obtain a stay.

Rule 62(a) provides:

Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal.

The trial court affirmatively ordered the Department to release Kelley from custody. That order is merely the flip side of an order prohibiting the Department from keeping Kelley in custody. The question is whether the order under consideration should be treated as a money judgment or whether it should be treated as one of the exceptions of Rule 62(a).

The Seventh Circuit faced a similar issue in *Donovan v. Fall River Foundry Co.*, 696 F.2d 524 (7th Cir.1982) (interpreting Rule 62(a), Federal Rules of Civil Procedure, which parallels Arizona Rule 62(a)). There Fall River had been ordered by a court to submit to an OSHA inspection warrant. It refused. OSHA proceeded with contempt proceedings. Fall River applied for a stay pending appeal. Fall River argued that since the contempt proceeding was not an injunction proceeding, Rule 62(a) did not apply. Therefore, argued Fall River, it was absolutely entitled to a stay under Rule 62(d) upon posting a supersedeas bond. The Seventh Circuit disagreed and so do we.

The Seventh Circuit reasoned as follows:

The reference in Rule 62(d) to supersedeas bond suggests that had the framers thought about the point they would have limited the right to an automatic stay to cases where the judgment being appealed from was a "money judgment." The posting of a bond in the amount of the judgment, coupled with the fact that money judgments earn interest from the date they are entered in the district court, 28 U.S.C. § 1961, assures a prevailing plaintiff that sheer passage of time will not render the judgment uncollectible and that he will be compensated

(maybe not completely) for the delay in receiving his money. Thus the grant of the stay does little or no harm to the plaintiff, but of course denial would hurt the defendant by making him pay the judgment before its validity has been finally determined; and unless the plaintiff were required to give a bond, the defendant might find it difficult or impossible to get his money back if the judgment was overturned on appeal. Rule 62(d) strikes an appropriate balance by entitling the appellant to a stay but conditioning that right on the posting of a bond.

*But this solution makes little sense as applied to an order to do, rather than an order to pay, whether or not the order to do is a conventional injunction.*

....

The requirement of a bond in Rule 62(d) does not fit a case like this. Since the requirement is meaningless here, to classify this case under Rule 62(d) would offend the spirit of the rule by giving an appellant an automatic stay without requiring him to compensate the appellee for delay in the entry of the final judgment.

....

Our conclusion is reinforced by the fact that, at least in this circuit, the Secretary could have sought, and presumably would have been granted, an injunction against Fall River's resisting the inspection. If the Secretary had taken that route, it would be clear that Fall River was not entitled to an automatic stay. The route he did follow was identical as a practical matter.

We conclude that Fall River was not entitled to an automatic stay....

696 F.2d at 526–27 (citations omitted; emphasis added).

The Nevada Supreme Court arrived at the same conclusion in *State ex rel. Public Service Commission v. First Judicial District Court,* 94 Nev. 42, 574 P.2d 272 (1978). We agree with the analysis made by those courts. Money judgments are governed by Rule 7(a), Rules of Civil Appellate Procedure (formerly Rule 62(d), Rules of Civil Procedure); non-money judgments are governed by Rule 62(a), Rules of Civil Procedure.[1] Thus, an appeal by the state only results in an automatic stay in cases involving money judgments.

In arriving at the foregoing conclusion, we must make note of the Arizona Court of Appeals' decision in *Broadhead v. Arizona Board of Pardons and Paroles,* 151 Ariz. 37, 725 P.2d 744 (App.1986), which is also relied upon by the state. One part of that case dealt with an issue essentially identical to the one now before us. The court of appeals reached a result opposite to the one we now reach. In doing so, it did not refer to earlier cases from this court which had held, in at least two non-money judgment situations, that a state's appeal did not produce an automatic stay. *See State Bd. of Barber Examiners v. Walker,* 67 Ariz. 156, 192 P.2d 723 (1948); and *Carp v. Superior Court,* 84 Ariz. 161, 163, 325 P.2d 413, 415 (1958). In *Walker,* we held:

> The respondents [state board] unquestionably had a right of appeal from the order directing the issuance of a peremptory writ of mandamus, ... and, being a state agency, no bond would be required of them.... The rule, however, in situations of this kind is that a stay of proceedings pending appeal is a matter of discretion with the trial court.

67 Ariz. at 166–67, 192 P.2d at 730.

Writs of mandamus are among those extraordinary remedies which were incorporated into our modern special actions. *See The Plight of the Sorcerer's Apprentice: Arizona's Special Action Practice,* 3 Ariz. St.L.J. 535 (1983). At oral argument, counsel for the state acknowledged that the relief requested in Kelley's special action was in the nature of mandamus. We find the *Walker* rule concerning mandamus, decided under language identical to Rule 62 (see Ariz. Code Ann. §§ 21–1504–09 (1939)), highly persuasive of the rule to be applied to special actions.

---

1. Our rules treat child custody orders separately and this opinion does not address such orders.

The *Broadhead* opinion also does not refer to the Rules of Criminal Procedure which we have discussed above. We believe that to give effect to our earlier cases, to carry out the intent of Rule 62 and its successor rules, and also to give effect to the clear intent of our criminal rules, the result we reach here is the correct one. To the extent that *Broadhead* is inconsistent with this opinion, it is disapproved.

 Finally, we emphasize that the state, its officers and agencies are not precluded from seeking stays of non-money judgments pending appeal. We merely hold that such stays are not automatic upon the filing of a notice of appeal. The state may apply for a stay under Rule 62(a). If a stay is granted, no bond is required of the state.

Relief granted.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and HOLOHAN, JJ.