210 P.3d 1283

**STATE of Arizona ex rel. Andrew P. THOMAS, Maricopa County Attorney, Petitioner,**

v.

**The Honorable Julie NEWELL, a Commissioner of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**Wilford Sebastian Milagro, Real Party in Interest.**

**No. 1 CA–SA 09–0052.**

Court of Appeals of Arizona, Division 1, Department C.

June 2, 2009.

---

Andrew P. Thomas, Maricopa County Attorney by David E. Wood, Deputy County Attorney, Phoenix, Attorneys for Petitioner.

Terry Goddard, Attorney General By Brian P. Luse, Assistant Attorney General, Phoenix, Attorneys for Respondent Commissioner.

Yvette C. Gray, Chandler, Attorney for Real Party in Interest.

## OPINION

PORTLEY, Judge.

¶ 1 The issue in this special action is whether the trial court abused its discretion by ordering the Maricopa County Attorney's Office ("State") to disclose fingerprint and palm print analysis within twenty-one days as a sanction for untimely disclosure.

### FACTS & PROCEDURAL HISTORY

¶ 2 At the initial pretrial conference ("IPTC"), the trial court was advised that the parties had exchanged their initial disclosures. The Defendant, however, indicated he had not received analysis of a palm print and fingerprints that were lifted at the scene of the armed robbery.

¶ 3 The trial court found that the State violated Arizona Rule of Criminal Procedure 15 because the print analysis had not been disclosed within thirty days of Defendant's arraignment. *See* Ariz. R.Crim. P. 15.1(c)(1)

**114**

(prosecutor must disclose certain materials no later than thirty days after arraignment). As a sanction, and over the State's objection, the court ordered the State to disclose the analysis within twenty-one days.

¶ 4 The State then filed this special action asserting that the sanction was an abuse of discretion; that the order to complete and disclose the fingerprint analysis violated the Arizona Rules of Criminal Procedure and separation of ·powers doctrine; and that the order constituted an impermissible local rule.

## SPECIAL ACTION JURISDICTION

¶ 5 We accept special action jurisdiction if the parties do not have a plain, adequate, or. speedy remedy by appeal. *See* Ariz. R.P. Spec. Act. 1(a); *Patterson v. Mahoney,* 219 Ariz. 453, 455, ¶¶ 2, 5, 199 P.3d 708, 710 (App.2008) (accepting special action jurisdiction to interpret criminal procedure rules). Because the State lacks a remedy on appeal and the issue of an order to disclose scientific testing results is capable of repetition but evading review, we accept jurisdiction. *See Demarce v. Willrich,* 203 Ariz. 502, 504, ¶ 5, 56 P.3d 76, 78 (App.2002) ("The court is more likely to accept special action jurisdiction when the issue is likely to arise again.").

## DISCUSSION

¶ 6 The State argues the trial court's sanction, which ordered the State to disclose evidence, was an abuse of discretion. We review the imposition of sanctions for untimely disclosure for an abuse of discretion. *State v. Towery,* 186 Ariz. 168, 186, 920 P.2d 290, 308 (1996). An abuse of discretion occurs where the court's reasons for its actions are "clearly untenable, legally incorrect, or amount to a denial of justice." *State v. Chapple,* 135 Ariz. 281, 297 n. 18, 660 P.2d 1208, 1224 n. 18 (1983). We will not reverse a disclosure sanction unless it is legally incorrect or unsupported by the facts.

¶ 7 We interpret criminal procedure rules de novo. *See State v. Roque,* 213 Ariz. 193, 205, ¶ 21,˙141 P.3d 368, 380 (2006). We interpret rules of procedure by applying the principles of statutory construction. *State v. Hansen,* 215 Ariz. 287, 289, ¶ 7, 160 P.3d 166, 168 (2007). We look first to the plain language of a rule because that is "the best and most reliable index of [the rule's] meaning." *Id.* (quoting *Deer Valley Unified Sch. Dist. No. 97 v. Houser,* 214 Ariz. 293, 296, ¶ 8, 152 P.3d 490, 493 (2007)).

¶ 8 Arizona Rule of Criminal Procedure 15.7 describes the procedure for imposing sanctions on either party for failing to make disclosure as required by Rule 15. Either party may move to compel disclosure and impose sanctions. Ariz. R.Crim. P. 15.7(a). The moving party's attorney must include a separate statement certifying that he or she personally consulted with the other party and made a good faith effort to resolve the matter. Ariz. R.Crim. P. 15.7(b). The trial court must order disclosure and impose sanctions unless it finds that the failure to disclose was harmless, or could not have been disclosed earlier even with due diligence and the information was disclosed immediately upon discovery. Ariz. R.Crim. P. 15.7(a). Any order imposing sanctions "shall take into account the significance of the information not timely disclosed, the impact of the sanction on the party and the victim and the stage of the proceedings at which the disclosure is ultimately made." *Id.*

¶ 9 Here, the trial court, after hearing that certain items had not been disclosed, sanctioned the State by ordering that "the results of the print analysis ... be disclosed by no later than April the 6th." The issue is whether the sanction to complete and disclose the fingerprint analysis within twenty-one days was an abuse of discretion.[1]

¶ 10 Arizona Rule of Criminal Procedure 15.1 describes the State's duty to disclose. The rule is intended "to give full notification

---

1. We note that the sanction failed to comply with Rule 15.7. A party must move to compel disclosure or impose sanctions and the court must consider the factors described in the rule. The rule presumes a written motion because it requires that a separate statement of counsel certi-

fying a good faith effort to resolve the dispute be "attached" to the motion. *See* Ariz. R.Crim. P. 15.7(b). Here, there was no written or oral motion, no separate statement of counsel, and the trial court did not consider the factors in the rule. *See* Ariz. R.Crim. P. 15.7(a), (b).

of each side's case-in-chief so as to avoid unnecessary delay and surprise at trial." *Roque*, 213 Ariz. at 207, ¶ 32, 141 P.3d at 382 (quoting *State v. Armstrong*, 208 Ariz. 345, 353, ¶ 38, 93 P.3d 1061, 1069 (2004)).

¶ 11 The State is required to disclose "the results of physical examinations and of scientific tests, experiments or comparisons that have been completed." Ariz. R.Crim. P. 15.1(b) (4). Disclosure initially occurs at the preliminary hearing or arraignment, and no later than thirty days after arraignment. Ariz. R.Crim. P. 15.1(a), (c)(1). Additionally, the defense can make a written request for the State to make available "completed written reports, statements and examination notes made by experts listed in subsections (b)(1) and (b)(4) of this rule." Ariz. R.Crim. P. 15.1(e)(3).

¶ 12 Rule 15.1 establishes the minimum requirements for discovery. It does not prohibit the trial court from setting additional deadlines in the interest of promoting judicial efficiency and managing its calendar. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (courts have inherent power to manage their calendars and promote the orderly and expeditious handling of cases); *U.S. v. W.R. Grace*, 526 F.3d 499, 508 (9th Cir.2008) (trial court is "charged with effectuating the speedy and orderly administration of justice"); *Zarate v. Jennings*, 17 Ariz.App. 401, 404, 498 P.2d 475, 478 (1972) (judges have inherent power to manage disclosure not covered by rules when "necessary to the due administration of justice"). The court's inherent power to manage its cases is reflected in the language of Rule 15.1. The court has discretion to vary from those deadlines, as evidenced by the language "[u]nless otherwise ordered by the court" that begins subsections (a), (c), and (e). The trial court, therefore, has discretion to adjust disclosure deadlines pursuant to its inherent powers and the language of Rule 15.1.

¶ 13 The same discretion does not extend to determining what must be disclosed pursuant to Rule 15.1(b). Rule 15.1(b), which

lists the materials that the State must disclose, contains an omission and an additional word that distinguishes it from the other subsections of Rule 15.1. *See Deer Valley*, 214 Ariz. at 296, ¶ 8, 152 P.3d at 493 ("Each word, phrase, clause, and sentence ... must be given meaning so that no part will be void, inert, redundant, or trivial." (quoting *Williams v. Thude*, 188 Ariz. 257, 259, 934 P.2d 1349, 1351 (1997))).

¶ 14 Subsection 15.1(b) does not include the discretionary phrase "unless otherwise ordered by the court" that begins the subsections addressing deadlines. Ariz. R. Crim P. 15.1(b). When describing the scientific evidence and results that must be disclosed the rule refers only to those tests "that have been completed." Ariz. R.Crim. P. 15.1(b)(4); *accord* Ariz. R.Crim. P. 15.1(e)(3) (referring to "[a]ny completed written reports, statements, and examination notes made by experts listed in subsection[ ] ... (b)(4)").

¶ 15 Based on the plain language of the rule, the court can order the State to disclose scientific testing results within a reasonable time period *if* the scientific testing has been completed. The scope of the rule is limited, however, to the scientific testing that has been *completed* at the time of the order. An order compelling disclosure of the results of a test that has not been completed, even when given as a sanction, is contrary to Rule 15.1 and constitutes an abuse of discretion.

¶ 16 Here, even though the parties were not fully aware of the status of disclosure or whether the prints had been analyzed,[2] the trial court ordered the disclosure of the fingerprint analysis by a date certain as a sanction. The court, in the face of uncertainty, attempted to keep disclosure on track and the case moving forward. Because the analysis had not been completed, however, the State could not disclose it. The State had not violated the Rule 15 deadlines with respect to the fingerprint analysis and was, therefore, not subject to sanction.

---

**2.** The State objected to disclosure "if [the prints] haven't been compared," and informed the court that "[i]t's up to the State how it proves its case."

The court then pointed out that the prints could be exculpatory and the State agreed.

¶ 17 We note that while trial courts cannot make the State complete scientific testing, courts can inquire into the status of pending scientific testing and require, if necessary, regular updates from the State. Once testing is completed, the court may use its discretion to set a deadline for disclosure.[3]

¶ 18 The State also remains subject to the final disclosure deadlines in Arizona Rule of Criminal Procedure 15.6.[4] The State may request an extension of the final deadline for scientific evidence, but must attach an affidavit from a crime laboratory representative explaining the delay and expected time of completion. Ariz. R.Crim. P. 15.6(e). The court is not required to grant an extension if it finds that the request is the result of "dilatory conduct, neglect, or other improper reason." *Id.*

¶ 19 Because our holding is dispositive, we will not address the State's other arguments concerning local rules and the separation of powers doctrine.

## CONCLUSION

¶ 20 For the foregoing reasons, we accept jurisdiction, grant relief and vacate the trial court's sanction.

CONCURRING: PHILIP HALL, Presiding Judge, and MICHAEL J. BROWN, Judge.

---

3. Because the results of testing cannot be disclosed until the analysis is complete, we assume, without deciding, that the results of completed scientific evidence constitutes new or different information as contemplated by Arizona Rule of Criminal Procedure 15.6.

4. Rule 15.6 describes the parties' continuing duty to disclose additional information as it is discovered. Ariz. R.Crim. P. 15.6(a). The final deadline for disclosure is seven days prior to trial. Ariz. R.Crim. P. 15.6(c).