IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

FEB 16 2012

COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,                )        2 CA-SA 2011-0098
                                     )        DEPARTMENT A
                    Petitioner,      )
                                     )        O P I N I O N
            v.                       )
                                     )
HON. PAUL SIMON, Justice of the Peace )
of the Pima County Consolidated Justice )
Court of the State of Arizona,       )
                                     )
                    Respondent,      )
                                     )
            and                      )
                                     )
CHARLES C. JIMENEZ, FABIAN           )
FELIPE LLINAS, ANNAMARIE             )
MEDINA, HARLEY STEVEN ROGERS,        )
WALKER J. SIRNIO, and CONNIE SUE     )
TANNER,                              )
                                     )
            Real Parties in Interest. )
                                     )

SPECIAL ACTION PROCEEDING

Pima County Consolidated Justice Court Nos. TR11036508, TR11032832, TR035971,
TR11034297, TR11034967/CR11111579, and TR11022801

JURISDICTION ACCEPTED IN PART; RELIEF GRANTED

Barbara LaWall, Pima County Attorney
 By Amy S. Ruskin and Jacob R. Lines                                    Tucson
                                                        Attorneys for Petitioner


Law Office of Thomas Wilson
 By Riisa Petersen                                                      Tucson
                                                  Attorneys for Real Party in Interest
                                                            Charles C. Jimenez

DeConcini McDonald Yetwin & Lacy, P.C.
  By Mark D. Lammers                                          Tucson
                                      Attorneys for Real Party in Interest
                                             Fabian Felipe Llinas


Thrush Law Group
  By Craig Becker                                             Tucson
                                      Attorneys for Real Party in Interest
                                                  AnnaMarie Medina


Udall Law Firm, L.L.P.
  By Ryan Redmon                                              Tucson
                                      Attorneys for Real Party in Interest
                                              Harley Steven Rogers


Rabb & Beal, P.L.L.C.
  By Matthew L. Rabb                                          Tucson
                                      Attorneys for Real Party in Interest
                                                   Walker J. Sirnio


Law Offices of Cornelia Wallis Honchar, P.C.
  By Cornelia W. Honchar                                      Tucson
                                       Attorney for Real Party in Interest
                                                  Connie Sue Tanner

H O W A R D, Chief Judge.

¶1     In this special action, petitioner State of Arizona challenges the respondent judge's orders precluding the state from introducing the results of blood tests as evidence in its prosecutions of the real parties in interest.  For the reasons stated below, we accept jurisdiction of this special action in part and grant the state partial relief.

## Factual and Procedural Background

¶2     Each of the real parties in interest here was charged with driving under the influence (DUI) while impaired to the slightest degree pursuant to A.R.S. § 28-

2

1381(A)(1). Blood samples were taken from all of the defendants in order to test their blood alcohol content (BAC) at the time of the charged offenses. In each case, the respondent judge set the date for a case management conference, noted on that date that BAC testing results were pending, and reset the conference for a date approximately a month later. When the state had not completed its testing of the blood samples by the time of that conference, the respondent ordered the results of any such testing precluded in each of the cases except Jimenez's.[1]

¶3        In this special action, the state contends that in light of *State ex rel. Thomas v. Newell*, 221 Ariz. 112, 210 P.3d 1283 (App. 2009), the respondent judge abused his discretion "by precluding any evidence resulting from the blood evidence gathered when a BAC report was not available for disclosure." None of the real parties in interest have filed a substantive response to the petition.

## Special Action Jurisdiction and Standard of Review

¶4        "Our special action jurisdiction is discretionary." *State ex rel. Romley v. Martin*, 203 Ariz. 46, ¶ 4, 49 P.3d 1142, 1143 (App. 2002), *aff'd*, 205 Ariz. 279, 69 P.3d 1000 (2003). Our exercise of that discretion is particularly appropriate when parties have no "equally plain, speedy, and adequate remedy by appeal." Ariz. R. P. Spec. Actions

---

[1] In a notice of erratum, the state explained it had mistakenly believed the respondent judge had precluded the BAC testing results in that case as well. It maintains its arguments in this special action still apply to Jimenez's case because the respondent ordered it to disclose the results of the BAC testing in that case. But, in the record before us, the minute entries in Jimenez's case are illegible, and the docket states "pending lab results" and "provid [sic] lab results." Counsel for Jimenez has informed this court the results have now been disclosed. Because we are uncertain what the respondent ordered, because he has not imposed a sanction, and because the results have been disclosed, we have declined to accept special action jurisdiction in that case by separate order.

3

1(a). Here, the state has no right of appeal. If no statute "'provides that a judgment or order is appealable, the appellate courts of this state do not have jurisdiction to consider the merits of the question raised on appeal.'" *Litak v. Scott*, 138 Ariz. 599, 601, 676 P.2d 631, 633 (1984), *quoting Musa v. Adrian*, 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981). Section 13-4032, A.R.S., which allows the state to appeal some justice court decisions, *Litak*, 138 Ariz. at 601, 676 P.2d at 633, contains no provision applicable here. And, the statutes providing for appeal from the justice courts likewise contain no provision allowing the state to appeal in this situation. *See* A.R.S. §§ 22-371 (providing defendant may appeal to superior court); 22-375 (no appeal from final judgment of superior court in action appealed from justice court unless "action involves the validity of a tax, impost, assessment, toll, municipal fine or statute"); 12-120.21(A)(1) (court of appeals has appellate jurisdiction only of actions "originating in or permitted by law to be appealed from the superior court"). Likewise, orders involving sanctions pursuant to Rule 15, Ariz. R. Crim. P., or discovery are generally not appealable. *See State v. Roper*, 225 Ariz. 273, ¶ 6, 236 P.3d 1220, 1221 (App. 2010); *State v. Fields*, 196 Ariz. 580, ¶ 1, 2 P.3d 670, 671 (App. 1999); *see also Green v. Nygaard*, 213 Ariz. 460, ¶ 6, 143 P.3d 393, 395 (App. 2006).

¶5 Additionally, under Rule 7(b), Ariz. R. P. Spec. Actions, if a special action could have been brought in a lower court, the petitioner must set forth the circumstances that justify bringing it to this court. In this case, the state asserts "the lower court needs guidance on this issue." It points out that it "has previously filed a special action petition involving this Respondent Judge and his orders to disclose BAC reports or face

4

preclusion." In that action, the superior court granted the state relief and ordered that the respondent could not preclude the results of the BAC testing. The respondent followed the ruling in that case, but made clear he did not believe the superior court's decision had been correct and he did not intend to follow it in future cases. And the state asserts that similar situations have arisen in "other trial courts in Pima County Consolidated Justice Court."

¶6 It is unusual for a higher court to accept special action jurisdiction when such an action could lawfully be initiated in a lower court. *See Kelley v. Ariz. Dep't of Corrections*, 154 Ariz. 476, 476-77, 744 P.2d 3, 4-5 (1987); *Green v. Superior Court*, 132 Ariz. 468, 470, 647 P.2d 166, 168 (1982). But the circumstances here, including the apparent recurrence of this purely legal issue, merit our acceptance of jurisdiction. *See Summerfield v. Superior Court*, 144 Ariz. 467, 469-70, 698 P.2d 712, 714-15 (1985) (supreme court accepted special action from superior court when several pending cases presented same issue and question presented was one of law and statewide importance); *see also Cronin v. Sheldon*, 195 Ariz. 531, ¶ 2, 991 P.2d 231, 233 (1999) (noting direct filing in supreme court exceptional, but accepting special action when issue of law and statewide significance).

¶7 We review the respondent judge's orders for an abuse of discretion, mindful that a court abuses its discretion when it makes a legal error. *See Fields*, 196 Ariz. 580, ¶ 4, 2 P.3d at 672. And, "[w]e interpret criminal procedure rules de novo. We interpret rules of procedure by applying the principles of statutory construction. We look first to the plain language of a rule because that is 'the best and most reliable index of

[the rule's] meaning.'" *Newell*, 221 Ariz. 112, ¶ 7, 210 P.3d at 1285, *quoting State v. Hansen*, 215 Ariz. 287, ¶ 7, 160 P.3d 166, 168 (2007) (alteration in *Newell*; citations omitted).

## Discussion

**¶8** Relying on *Newell*, the state maintains the respondent judge abused his discretion in precluding the results of BAC testing that had not yet been completed, apparently on the grounds that the state had failed to timely produce them. The *Newell* court determined that, under Rule 15.1, Ariz. R. Crim. P., the trial court could "order the State to disclose scientific testing results within a reasonable time period *if* the scientific testing has been completed." 221 Ariz. 112, ¶ 15, 210 P.3d at 1286. But, it concluded that Rule 15.1 is limited "to the scientific testing that has been *completed*," *Newell*, 221 Ariz. 112, ¶ 15, 210 P.3d at 1286, and that the trial court therefore could not compel the state to disclose evidence it did not yet have as a sanction under Rule 15.7, *id.* ¶¶ 8, 15. The state contends the court here is similarly barred from sanctioning it for failing to produce the results of testing that was not yet completed. And it suggests that, in any event, the court could not impose sanctions under Rule 15.7 in the absence of a written motion by the defendant.

**¶9** Under Rule 15.1(b), which applies to these cases, *see* Ariz. R. Crim. P. 1.1 and 15.1(c)(2), and the *Newell* court's interpretation of that rule, the respondent clearly lacked authority to sanction the state under Rule 15.7 for failing to disclose results of tests that had not been completed, *see Newell*, 221 Ariz. 112, ¶ 15, 210 P.3d at 1286; *see also Rivera-Longoria v. Slayton*, 228 Ariz. 156, ¶ 7, 264 P.3d 866, 868 (2011) (Rule 15.1

6

applies to material "'within the prosecutor's possession or control'"), *quoting* Ariz. R. Crim. P. 15.1(b).

¶10        But, a trial court is not left without authority to exclude scientific evidence when it is unavailable.  Rather, apparently anticipating situations such as that presented here, our supreme court has provided a final deadline for disclosure and a means for the state to seek extensions of time to complete scientific testing.  Pursuant to Rule 15.6(c), all disclosure must be completed seven days before trial.  If a party attempts to use materials disclosed after that point, the court may, upon making specified findings, preclude the party from introducing the evidence.  Ariz. R. Crim. P. 15.6(d).  But Rule 15.6(e) provides:

> Upon a motion filed prior to the final deadline for disclosure in Rule 15.6(c)[—7 days before trial—]supported by affidavit from a crime laboratory representative or other scientific expert that additional time is needed to complete scientific or other testing, or reports based thereon, and specifying the additional time needed, the Court shall, unless it finds that the request for extension resulted from dilatory conduct, neglect, or other improper reason on the part of the moving party or person listed in Rule 15.1(f) or 15.2(f), grant a reasonable extension in which to complete the disclosure.  The period of time of the extension shall be excluded by the court from all time periods prescribed in Rules 15.1(c) 15.1(e), 15.2 (d), 15.2(e), 15.6(b) and 15.6(c).

¶11        Thus, the supreme court has provided a method for determining if and when additional extensions of time for disclosure of scientific tests should be granted.  And it has mandated that a reasonable extension be granted, if properly requested and supported.  Indeed, the comment to the Rule explains that although in most cases "scientific evidence is anticipated to be ready for examination and disclosure within the

time periods of Rule 15," "there are circumstances in which the analysis . . . cannot be completed with the prescribed time limits . . . due to the volume of cases handled by a forensic crime laboratory . . . and the large number of pieces of evidence that must be analyzed by the laboratory in total." The respondent here apparently failed to consider whether the BAC testing was incomplete as a result of the appropriate "triage of cases," based on "external circumstances, such as budget, personnel and space limitations," rather than as a result of "dilatory conduct or neglect." Ariz. R. Crim. P. 15.6 cmt. And, in any event, the court acted ahead of the final disclosure deadline set forth in Rule 15.6(c) rather than allowing the state the time provided it by Rule 15.6(e) to move for an extension of time to complete the testing.

¶12 Additionally, outside of Rule 15, our research has disclosed a local rule, uncited by any party, that partially codifies the "inherent power" of the court to control its docket discussed in *Newell*, 221 Ariz. 112, ¶ 12, 210 P.3d at 1286, and provides the respondent judge some flexibility in dealing with pre-trial conferences. The Local Rules for Pima County Justice of the Peace Courts Providing for Pre-trial Conferences in Criminal Cases ("Pima Cnty. J.P. Court Rules"), promulgated by our supreme court, "establish[] a procedure for conducting pre-trial conferences." Pima Cnty. J.P. Court Rule 1.1. And the stated purpose of pre-trial conferences is to promote "[f]air, orderly and just disposition of causes without trial," "[t]o permit the parties . . . to engage in disclosure and conduct negotiations for disposition without trial," "to provide discovery," and "[t]o eliminate the need for setting matters for trial which are intended to be disposed

8

of without trial . . . and to enable the court to administer its trial docket in a more just and efficient manner." Pima Cnty. J.P. Court Rule 1.2.

¶13 Addressing the matter of discovery, Rule 1.5, Pima Cnty. J.P. Court, provides as follows:

> A. Nothing in the rule shall be construed in any manner as altering the procedure pursuant to Rules 15.1 and 15.2 of the Arizona Rules of Criminal Procedure relating to disclosure.
>
> B. The court may, in its discretion, issue orders relating to disclosure including the following:
>
> > 1. Orders requiring additional disclosure by either party;
> >
> > 2. Orders sanctioning either party where the court deems necessary in the interests of justice for failure to make good faith disclosures;
> >
> > 3. Such other orders as the court deems necessary to promote the interests of justice.

¶14 Whatever authority this local rule provides the justices of the peace in ordering discovery or sanctions in individual cases after making appropriate findings, we conclude it does not allow the respondent judge to adopt a blanket deadline for precluding the results of BAC testing outside the framework of Rules 15.1 and 15.6. The local rule itself prohibits the respondent from altering the procedure set forth in Rule 15.1 and, to the extent the local rule arguably could conflict with Rule 15.6, the latter must control. *See State ex rel. Corbin v. Superior Court*, 138 Ariz. 500, 503, 675 P.2d 1319, 1322 (1984).

9

**Conclusion**

¶15      For the reasons stated above, the respondent judge abused his discretion in ordering the results of the BAC testing precluded. We therefore accept special action jurisdiction and vacate the respondent's orders excluding the blood test results in the cases of real parties in interest Llinas, Medina, Rogers, Sirnio, and Tanner. As indicated in this court's previous order, we decline to accept jurisdiction in the case of Jimenez.


/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge

CONCURRING:

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Presiding Judge


/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge