NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

RICHARD LEE BIVENS, *Petitioner*.

No. 1 CA-CR 16-0578 PRPC
FILED 9-7-17

---

Petition for Review from the Superior Court in Yavapai County
No. V1300CR820060419
The Honorable Joseph C. Butner, III, Judge (Retired)

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Yavapai County Attorney's Office, Prescott
By Robert J. Johnson
*Counsel for Respondent*

Richard Lee Bivens, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

---

**C R U Z**, Judge:

**¶1**         Richard Lee Bivens petitions this Court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2**         Bivens accepted a plea agreement in which he pled guilty to two counts of attempted molestation of a child, and one count of sexual abuse of a child.  He was sentenced to an aggravated sentence of fifteen years, to be followed by lifetime probation.  After sentencing, Bivens was given a Notice of Rights of Review After Conviction, which he signed.

**¶3**         Over nine years later, Bivens filed a document titled Permission to File Delayed Untimely Post-Conviction Relief.  The request was not supported by any memorandum of law or evidence.  In that pleading Bivens cited to Rule 32.1(a), (c), (e), and (f) without any factual or legal basis to support his claims, nor explanation as to why he failed to file until nine years after his conviction and sentence.  The superior court denied Bivens' request, stating the request had been filed "years beyond the time [when] a Post-Conviction Relief Request should be filed."

**¶4**         The reviewing court will not reverse a trial court's summary dismissal of post-conviction relief proceedings unless it finds an abuse of discretion. *State v. Ward*, 211 Ariz. 158, 161, ¶ 7, 118 P.3d 1122, 1125 (App. 2005); *State v. Watton*, 164 Ariz. 323, 325, 793 P.2d 80, 82 (1990).  "A court abuses its discretion if a decision is manifestly unreasonable or is based on untenable grounds[,]" *Schwartz v. Superior Court*, 186 Ariz. 617, 619, 925 P.2d 1068, 1070 (App. 1996), or if the reasons given for its action are legally incorrect. *State ex rel. Thomas v. Newell*, 221 Ariz. 112, 114, ¶ 6, 210 P.3d 1283, 1285 (App. 2009).

**¶5**         In his request to file an untimely petition for post-conviction relief, Bivens offered nothing that would indicate exactly what claims he was raising or why he did not file a petition for relief in a timely manner.  He cited to Rule 32(a), (c), (e), and (f), but went no further.  In his Petition for Review, Bivens does set forth his claims regarding the alleged illegality of his lifetime probation, however, these claims were not included in his superior court filing.  Issues not first presented to the trial court may not be presented in the petition for review. *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

**¶6**        The superior court did not abuse its discretion by summarily dismissing Bivens' Permission to File Delayed Untimely Post-Conviction Relief as untimely.  Nine years have passed and Bivens failed to allege any specific exceptions to Rule 32, which would allow him relief, nor has he offered any excuse for the delay.

**¶7**        We grant review but deny relief.

