NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JAMIE CHUA,
*Plaintiff/Appellee*,

v.

JEFFREY JAMES ADAMSON,
*Defendant/Appellant*.

No. 1 CA-CV 22-0176
FILED 11-8-2022

Appeal from the Superior Court in Maricopa County
No.  CV2021-019560
The Honorable Mary Collins Cronin, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Jamie Chua
*Plaintiff/Appellee*

Jeffrey James Adamson, Scottsdale
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

---

**M O R S E**, Judge:

¶1 Jeffrey James Adamson ("Adamson") appeals the continuation of an Injunction Against Harassment ("IAH"). For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 Adamson and Jamie Chua ("Chua") are neighbors. The parties had an amicable relationship and exchanged friendly text messages and holiday treats until August 2021, when Adamson presented his plan to enclose his front courtyard and raise the parties' shared wall. After discussing the matter with her spouse, Chua text messaged Adamson that she did not want the shared wall raised and thanked Adamson for asking. Adamson later rejected a November 2021 compromise offered by the parties' homeowners association.

¶3 On December 9, 2021, Chua petitioned for an IAH in Scottsdale City Court. Chua alleged Adamson harassed her on eight separate days between October 1, 2021, and December 7, 2021. On December 10, Adamson received notice of the IAH petition. After a hearing on December 15, 2021, the city court denied the petition and informed Chua she had a right to appeal its order. Chua did not appeal but, two weeks later, petitioned for an IAH in superior court. In the second petition, Chua alleged the same eight incidents between October 1 and December 7, but also alleged Adamson harassed her and her daughter on December 10. The second petition named both Chua and her daughter as plaintiffs and the superior court granted it ex parte.

¶4 In January 2021, Adamson requested a hearing. After the hearing, the court found by a preponderance of the evidence that Adamson "committed acts of harassment or may commit an act of harassment in the future." The court further found good cause existed to continue the IAH based on the parties' "deteriorated" relationship and Adamson's inappropriate behavior. The court ordered the parties to refrain from "any

2

contact or communication with each other by any means to include in person, e-mail or through social media," except through attorneys, legal process, and court proceedings.

**¶5**         Adamson timely appealed. We have jurisdiction under A.R.S. §§ 12-120.21 and 12-2101(A)(5)(b).

## DISCUSSION

**¶6**         We review a ruling on an IAH for an abuse of discretion, *LaFaro v. Cahill*, 203 Ariz. 482, 485, ¶ 10 (App. 2002), and will affirm if "substantial evidence" supports the ruling, *Prudential Ins. Co. of Am. v. Pochiro*, 153 Ariz. 368, 370 (App. 1987). A court abuses its discretion "when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *Mahar v. Acuna*, 230 Ariz. 530, 534, ¶ 14 (App. 2012) (cleaned up).

**¶7**         Adamson did not provide this Court with a transcript of the January hearing, but filed two, five-minute digital recordings of the hearing. We have reviewed the recordings and they appear to be only a portion of the January hearing. The first is a recording of the hearing between 11:36 a.m. and 11:41 a.m., which includes Adamson contesting some of Chua's allegations of harassment. The second is a recording between 12:11 p.m. and 12:16 p.m., which includes both parties asking the court for video evidence from the other party and waiting for the court to sign its orders. Separately, Chua filed six, short digital recordings of the January hearing, which also appear to include only portions of the hearing. "It is the appellant's burden to ensure that 'the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised.'" *Blair v. Burgener*, 226 Ariz. 213, 217, ¶ 9 (App. 2010) (quoting *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995)). "And, in the absence of a transcript, we presume the evidence and arguments presented at the hearing support the trial court's ruling." *Id.*; *see also* ARCAP 13(d) ("If a party refers to a video or audio recording, the party's brief must provide specific, time-coded references to the relevant portions of the recording."); *cf. also Jordan v. McClennen*, 232 Ariz. 572, 575, ¶ 12 (App. 2013) (noting that an appellant must cite to specific portions of a recording via "some reasonable and understandable fashion").

**¶8**         Adamson argues the superior court erred because (1) the second petition was barred by res judicata, (2) Chua failed to disclose video evidence to Adamson before the January hearing, and (3) Chua failed to

provide evidence of harassment to support an IAH and did not raise her concerns of harassment with Adamson before seeking an IAH.

## I.     Res Judicata.

**¶9**          We reject Adamson's argument that the second petition was barred by res judicata.   Adamson claims the superior court erred in affirming the second petition because it presented the same parties and actions.  Res judicata is a question of law that we review de novo. *Pettit v. Pettit*, 218 Ariz. 529, 531, ¶ 4 (App. 2008).  After a final judgment, res judicata prevents a plaintiff from bringing "a second action based upon the same transaction, if the evidence needed to sustain the second action would have sustained the first action."  *Id*. at 532, ¶ 8 (quoting Restatement (First) of Judgments § 61 (1942)).

**¶10**          But Adamson is incorrect that the second petition presented the same actions and parties.  Chua first petitioned for an IAH on December 9, 2021, and alleged Adamson harassed her on eight separate occasions between October 1 and December 7.  In her second petition, Chua added an allegation that on December 10 Adamson repeatedly stared at Chua and took a photo of her with his phone while she turned her back toward him.  Chua also listed her daughter as a protected person and alleged that Adamson attempted to talk to Chua's daughter and watched her as she walked past his house from the bus drop-off.  These alleged December 10 events occurred after Chua filed the first IAH petition in city court and Chua did not provide evidence of the December 10 events during the city court hearing.

**¶11**          "Harassment" under § 12-1809 means a "series of acts over any period of time that is directed at a specific person and that would cause a reasonable person to be seriously alarmed, annoyed or harassed and the conduct in fact seriously alarms, annoys or harasses the person and serves no legitimate purpose."  A.R.S. § 12-1809(T)(1)(a).  "A series of acts means at least two events."  Ariz. R. Protective Ord. P. 25(b).  Alone, the events alleged to have occurred on December 10—Adamson repeatedly stared at Chua, took a photo of Chua, and attempted to talk to Chua's daughter in the afternoon—could be sufficient to sustain an IAH petition under the statute.  *See* A.R.S. § 12-1809(T)(1)(a) (harassing conduct occurring over "*any* period of time" (emphasis added)).

**¶12**          Moreover, the "number of times a plaintiff may request a protective order is not limited."  Ariz. R. Protective Ord. P. 10(a); *see* Ariz. R. Protective Ord. P. 4(c) (providing an IAH is a protective order governed

by the Arizona Rules of Protective Order Procedure). And a court "must not consider the number of times a protective order has been dismissed." *See* Ariz. R. Protective Ord. P. 19. ("Each time a plaintiff petitions for protective relief, the judicial officer must make an independent determination whether there is reasonable cause to issue a protective order under the applicable statute."). The court did not abuse its discretion in considering the evidence Chua presented in the second petition even if she presented some of the same evidence during the city court hearing. Consequently, the second petition was not barred by res judicata.

## II.    Undisclosed Video Evidence.

¶13        We also reject Adamson's argument that the court erred in considering Chua's video evidence. Courts have "broad discretion" in ruling on disclosure matters, and this Court "will not disturb that ruling absent an abuse of discretion." *Marquez v. Ortega*, 231 Ariz. 437, 441, ¶ 14 (App. 2013).

¶14        Adamson claims Chua failed to properly disclose video evidence under Arizona Rule of Civil Procedure 26.1. "Whether a disclosure obligation exists in the first instance is a question of law that we review *de novo*." *Solimeno v. Yonan*, 224 Ariz. 74, 77, ¶ 9 (App. 2010). But the disclosure requirements in Rule 26.1 do not apply to a hearing on an IAH "unless otherwise specifically ordered by the court." Ariz. R. Protective Ord. P. 37; *see* Ariz. R. Protective Ord. P. 2 ("[T]he *Arizona Rules of Civil Procedure* apply when not inconsistent with these rules."). Moreover, if a court finds good cause, parties may still use untimely evidence. Ariz. R. Civ. P. 37(c)(1).

¶15        Both parties disclosed video evidence to the court before the January hearing, but neither party disclosed video evidence to the other before the hearing. At the hearing, both parties informed the court that they had not received the opposing party's video evidence. The court reminded the parties that video evidence should have been exchanged before the hearing and ordered both parties to submit video evidence to each other after the hearing. Under these circumstances—an IAH hearing in which both parties failed to timely disclose evidence—we cannot say the court abused its discretion in allowing both parties to present their video evidence. *See Solimeno*, 224 Ariz. at 77, ¶ 9 ("Trial judges are better able than appellate courts to decide if a disclosure violation has occurred in the context of a given case and the practical effect of any non-disclosure. Such decisions will not be disturbed on appeal absent an abuse of discretion.").

### III. Evidence of Harassment.

¶16 Adamson argues the court abused its discretion by affirming the second petition because Chua failed to "provide any evidence of harassment" and to communicate with him about her harassment concerns before seeking an IAH. We disagree.

¶17 A court abuses its discretion "when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *Mahar*, 230 Ariz. at 534, ¶ 14. Here, Chua provided evidence of Adamson peering through his blinds and car window to stare at Chua, Adamson staring at Chua from his front yard, Adamson taking a photo of Chua with her back turned toward him, Chua's spouse witnessing Adamson making an obscene gesture to Chua, and Adamson attempting to speak to Chua's daughter. Based on the evidence presented, the court found by a preponderance of the evidence that Adamson committed acts of harassment. *See* Ariz. R. Protective Ord. P. 38(g)(3) (requiring a plaintiff to prove the case by a preponderance of the evidence for a protective order to "remain in effect as originally issued").

¶18 The court noted that Adamson's actions were "inappropriate" and "would be disturbing" to Chua. The court also emphasized that Adamson's behavior served "no legitimate purpose." *See* A.R.S. § 12-1809(T)(1)(a) (providing that harassment occurs when the defendant's conduct "seriously alarms, annoys or harasses the [plaintiff] and serves no legitimate purpose"). Finally, the court found good cause existed to continue the IAH as the parties' relationship had "deteriorated" after the wall dispute. *See* Ariz. R. Protective Ord. P. 38(g)(4) (requiring courts to state the basis for continuing a protective order after the hearing). Further, because of the lack of a transcript and the limited nature of the record presented of the January hearing, we assume the evidence and arguments presented at the hearing were sufficient to support the court's order. *Blair*, 226 Ariz. at 217, ¶ 9. Accordingly, we reject Adamson's argument that Chua presented insufficient evidence to support the IAH.

¶19 Finally, we reject Adamson's argument that Chua was required to address her concerns to him before seeking an IAH. Adamson cites no authority and we find no basis in the law for requiring a plaintiff to communicate their concerns of harassment to an alleged harasser before seeking an IAH. *Cf.* A.R.S. § 12-1809(E) (providing grounds under which a court may issue an IAH ex parte). We find no abuse of discretion.

**CONCLUSION**

6

¶20        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA